Camp and Trimble, praying for specific performance of their contract to convey the land according to the bond for title.  The defendants agreed afterwards to make the deed according to the bond, and the case was agreed to be settled, and an entry to that effect was made by the judge on the bench-docket, August 1, 1890.  Walter Harris had occasion to go to see Trimble to procure his signature to a deed to other property, and took along the bill of exceptions above referred to, and explained to him all the facts and the position of Trimble, and he then signed the ratification of the appearance of the Harrises for him.  Camp testified that plaintiff paid one fourth of the purchase money for the land and did all the trading with him about it; Camp did not know Phillips in the matter until they came to get the bond.

G. & W. Harris and Dabney & Fouché, for plaintiffs in error.

Dean & Smith, Ewing & Crosby and H. M. Wright, *contra.*

---

The Chattanooga, Rome and Columbus Railroad Company *v.* The East Rome Town Company.

1. The declaration as it stood originally set forth a cause of action, and contained a sufficient description of the land alleged to have been taken, the price of which was sued for.
2. A declaration against a chartered railroad company for the value of land permanently appropriated by it under its charter is not amendable by adding a count for the value of soil taken from the land and appropriated to the use of the company, the two causes of action being different; the first treating the land as realty and as sold to the company, the second treating the soil taken as personalty and as sold to the company.  The allowance of the amendment vitiated the trial.                    *Judgment reversed.*
   August 1, 1892.

Railroads.  Amendment.  Before Judge Meyerhardt. City court of Floyd county.  June term, 1891.

The plaintiff sued the railroad company for $500 with

interest from January 1, 1888, alleging that on or about that day the defendant, by virtue of its charter, entered upon, took possession of and converted to its use one half an acre of land which, prior to that time, was in the possession of and was the property of plaintiff, and which is a part of lot number 285 in the 23d district and 3d section of Floyd county, Georgia, and joins the right of way theretofore granted by plaintiff to defendant through plaintiff's land in the town of East Rome, and was at the time of the taking of the value of $500; that the defendant has occupied it continuously, has permanently appropriated it, and now claims it as part of its railroad right of way and property, and by reason thereof became indebted to plaintiff the sum sued for, undertook and promised to pay the same, etc. The defendant demurred because the declaration did not set forth a sufficient cause of action, and did not distinctly describe the land. The demurrer was overruled, and this is assigned as error. After the introduction of the plaintiff's evidence the defendant moved for a nonsuit, which the court intimated it would grant; whereupon the plaintiff moved to amend by alleging that the defendant is indebted to it in the further sum of $500 with interest from January, 1888, for that on the day aforesaid, the defendant, by its agents and employees, entered upon plaintiff's land aforesaid, dug up and carried away therefrom and deposited on the premises and right of way, and converted to its use the soil off of one half an acre of plaintiff's land and premises, said soil being of the value of $500. The defendant objected to the amendment, on the grounds that it is not germane to the declaration, and is a new and distinct cause of action. The objections were overruled, which is assigned as error. The defendant also moved to strike the amendment because it did not allege that the taking and converting of the soil was done forcibly and wrongfully

and against plaintiff's will. The overruling of this motion is assigned as error. The court allowed the plaintiff, over defendant's objections, to introduce witnesses to prove that the contractors building the road had taken the land described in the original declaration, for the purpose of constructing certain embankments. The objections were, that the amendment had the effect of striking the declaration, and that under the declaration as amended, the plaintiff was entitled to proceed only for the soil actually taken. Error is assigned on this ruling. The jury found for the plaintiff $500 and interest. A new trial was denied, and the defendant excepted.

W. W. BROOKES, W. T. TURNBULL and J. BRANHAM, for plaintiff in error.

DABNEY & FOUCHÉ, *contra.*

---

MILLS & GIBB *et al. v.* WEBB & COMPANY *et al.*

Under the facts in evidence, there being no charge of insolvency as to Bass Bros. & Co., there was no abuse of discretion in disposing of the case touching a receiver and the interlocutory injunction.                    *Judgment affirmed.*

August 1, 1892.

Injunction and receiver. Debtor and creditor. Before Judge JANES. Floyd county. At chambers, March 11, 1892.

The decision refusing an injunction and receiver in this case was put upon the ground solely, that Webb & Co., the debtors, were not traders at the time of filing the petition. On February 3, 1892, Webb & Co. made a sale to Bass Bros. & Co., for $4,960, of the entire stock of goods, fixtures and all other property in the storehouse of Webb & Co., the sum named being the estimate placed upon the stock on the basis of sixty-two cents on the dollar of original cost. Payment was