## AMERICUS OIL COMPANY *v.* GURR.

1. The proposition that agency can not be proved by evidence of the declarations or conduct of the alleged agent is no longer open to discussion.
2. It is needless to constantly reiterate and publish rulings upon settled questions.
3. If an agent whose authority is limited to purchasing with cash furnished him by his principal buys on credit, the latter is not liable for the price of things so bought; and one who deals with such a special agent is bound to inform himself as to the extent of the agent's authority.
4. Applying these rules to the facts of this case, the verdict was entirely unsupported.

Argued January 3, — Decided February 5, 1902.

Complaint. Before Judge Littlejohn. Sumter superior court. June 22, 1901.

*J. H. Lumpkin*, for plaintiff in error.
*W. P. Wallis* and *R. L. Maynard*, contra.

LUMPKIN, P. J.	An action was brought in the superior court of
Sumter county, by W. H. Gurr against the Americus Oil Company,
for the price of certain cottonseed.	There was a verdict for the
plaintiff, and the defendant complains here of the court's refusal to
grant it a new trial.	The theory of the plaintiff was, that he sold
the seed to one Ward, as agent of the defendant; that it received
the seed, and was therefore liable to him for the price thereof.	The
motion for a new trial presents a number of points involving fa-
miliar and well-settled rules of the law of agency.

1. It is quite apparent that his honor committed divers errors
in violation of the established rule, that agency can not be proved
either by the declarations or conduct of the alleged agent.	We do
not, however, care to state or discuss the particular ruling here re-
ferred to, because so doing would neither add anything new to this
branch of the law, nor elucidate the same.

2. In several grounds of the motion complaint is made of alleged
error in admitting testimony bearing upon issues other than that
of agency.	Many of the rulings thus excepted to were manifestly
right, and in some there was perhaps error, but none of them are
of sufficient importance or novelty to require special notice.

3, 4. We reverse the judgment rendered in this case, because it
was contrary to law.	The plaintiff failed entirely to show that
Ward was the general agent of the defendant company, or that he
had authority to buy seed upon its credit.	It clearly and dis-
tinctly appears from the evidence as a whole, and there is no tes-
timony to the contrary, that the arrangement between the company
and Ward was for him to buy seed and ship the same to the com-
pany, he in each instance to pay for the seed purchased, with cash
furnished him for this purpose by the company.	His agency was
thus limited, and Gurr in dealing with him was bound, at his peril,
to know exactly what authority Ward had in the premises.	It is
too well settled to require citation of authority, that one who deals
with a special agent must ascertain for himself, the scope and ex-
tent of the agent's authority to bind his principal.	There is not
one line of testimony in the record before us which would warrant
a finding that the Oil Company contemplated or intended that
Ward should have any other authority, except to buy for it, with
cash supplied to him, the cottonseed which the company needed in
its business.	The fact that it actually received the seed which

were delivered by Gurr to Ward did not make it liable to the former under the doctrine of ratification. It did not know of or sanction Ward's purchase or credit, and had in point of fact furnished him with more than enough cash to pay for the seed he obtained from Gurr. The verdict returned by the jury necessarily embraced a finding that Ward was authorized to buy seed on credit, and make the company liable to the seller; and this finding is wholly unsupported.

*Judgment reversed. All the Justices concurring.*