## CHAPMAN *v.* AMERICUS OIL COMPANY.
## McLAIN & DANIEL *v.* AMERICUS OIL COMPANY.

1. On the controlling question in each of these cases the ruling in the third headnote in the case of *Americus Oil Company* v. *Gurr*, 114 *Ga.* 624, is decisive.
2. Suit was brought upon an account for a stated quantity of cottonseed sold and delivered at a given price per ton. An amendment was offered alleging that the defendant agreed to take the cottonseed and deliver to plaintiff cottonseed meal, which he had failed to do, the amendment averring that as a result of such failure the defendant had become liable to plaintiff in a stated sum. *Held*, that the amendment set forth a new cause of action and was properly disallowed.
3. There was no error requiring a reversal of the judgment in either case.

Argued June 9, — Decided June 29, 1903.

Complaint. Before Judge Littlejohn. Sumter superior court. November 26, 1902.

*W. P. Wallis* and *Maynard & Lane*, for plaintiffs.
*J. H. Lumpkin*, for defendant.

COBB, J. The records in these cases are more voluminous than that in the case of *Americus Oil Co.* v. *Gurr*, 114 *Ga.* 624, but on the controlling question in each case substantially the same state of facts is presented. Ward was authorized to buy cottonseed for

cash.   He was not authorized to buy on credit.   When he bought on credit the Americus Oil Company was not bound, and the plaintiffs were bound to inform themselves of the authority of this special agent.   There are numerous assignments of error on various rulings made in each case during the progress of the trial, but none of them require a reversal of the judgment in either case.   The amendment referred to in the second headnote clearly added a new cause of action, and was properly disallowed.   The original suit was for goods sold and delivered by plaintiff to defendant.   The amendment sought to recover for a failure to deliver goods bought by plaintiff from defendant.

It was sought to take the case of McLain & Daniel out of the ruling in the *Gurr* case, by showing that the bill of lading was issued in their name and was never indorsed by their authority, it being contended that Ward had surreptitiously obtained the bill of lading, forged an indorsement thereon, and transmitted it to the defendant.   Even if this is true, there was no evidence to authorize a finding that the defendant knew, at the time it received the seed, either these facts or that the seed had been bought on credit.   Under such circumstances, the mere reception of the seed would not amount to a ratification, as was distinctly ruled in the *Gurr* case. If the suit had been in trover for the recovery of the seed, or for money had and received growing out of the sale of the seed, the fact that the bill of lading was stolen and the indorsement was forged might have been material.   The present suit was not of the character above indicated, it being one for cottonseed sold and delivered at a given price.

    *Judgment in each case affirmed.    All the Justices concur.*