## LAMAR v. LAMAR, TAYLOR & RILEY DRUG CO.

In a suit for breach of contract, the petition can not be amended by abandoning
the contract first alleged and setting up another and different contract.

Argued October 13, — Decided October 30, 1903.

Complaint.    Before Judge Felton.    Bibb superior court.    Au-
gust 4, 1903.

*W. D. Nottingham,* for plaintiff in error.    *Lane & Park,* contra.

SIMMONS, C. J.    ·Suit for breach of contract was brought against
H. J. Lamar.    According to the allegations of the petition, the
defendant had purchased a large amount of drugs, medicines, and
druggists' sundries, and had failed and refused to settle in full ac-
cording to the terms of the contract of purchase.    Under this con-
tract he was to pay the original or first cost of the goods to the
seller, with ten per cent. added "to cover the cost of freight and
handling the goods so sold."    On the trial, after all the evidence
was in, the plaintiff amended the petition by striking the recital
that the ten per cent. was to cover " cost of freight and handling

the goods so sold," and substituting therefor an allegation that the ten per cent. was to cover " clerk hire, rent, general store expenses, and cost of handling the goods," the contract being to sell the goods at what they cost delivered in Macon, Georgia, together with said ten per cent., which was to be added to this cost. The amendment also alleged that the " words stricken were inserted . . on account of a mistake of the draftsman, who did not fully understand the contract attempted to be set up." To the allowance of this amendment the defendant objected upon the ground that it was an entire change of cause of action ; that it introduced a new cause of action and was seeking to recover the ten per cent. in addition to the freight. This objection was overruled and the amendment allowed. To this ruling the defendant excepted pendente lite. After the case had been terminated in the court below, the defendant brought it to this court by bill of exceptions in which he assigned error upon the exceptions pendente lite.

A petition may be amended in matter of substance, but the amendment must go to perfecting the statement of the cause of action originally relied upon. There must be no abandonment of this cause of action and the substitution of another. While the general plan of the original petition may be cut down or built up, it must still be the same plan. The plan itself must be adhered to, however much its details may be changed. *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691. In the present case the contract originally alleged bound Lamar to pay the original or first cost of the goods plus ten per cent. to cover freight and handling. In other words he was not bound to pay anything except the first cost plus the ten per cent. By the amendment the plaintiff alleged that Lamar had contracted to pay the first cost, plus the cost of delivery at Macon, plus the ten per cent. In the one contract the ten per cent. was to cover the freight, while in the other it did not cover any of the cost of transportation to Macon and delivery there. The defendant claimed to have complied with the one contract; he denied having made the other. That the amendment set up a new and different contract is apparent. The terms of the contracts set up were materially different. By the amendment the plaintiff sought to recover the cost of freight on the goods in addition to the ten per cent., when in the original petition there was no claim of right to recover freight, for that was alleged to be covered by

the ten per cent. The original petition was based upon a contract which did not bind the defendant to pay the freight, while the amendment set up a contract to pay the freight in addition to all that was sued for in the original petition. This was a new contract and a new breach, and the amendment set up a new cause of action. The amendment stated, however, that the allegations in the petition that the ten per cent. on the original cost covered the freight was made on account of a mistake of the draftsman, who did not fully understand the contract attempted to be set up. A petition setting out one cause of action can not be amended by setting out another simply because the pleader misunderstood the cause of action which should have been set out first. The intentions of the pleader must be gathered from the allegations made in the pleading. Thus the statement in the amendment as to the mistake of the draftsman does not help the amendment, but goes rather to show the change of intention or plan. The allegation in the petition was not made unintentionally, but because of a misunderstanding of the contract. In other words, the draftsman set out in the original petition his understanding of the contract with the defendant. He misunderstood its terms, and for that reason set up a contract entirely different from that alleged in the amendment. It is but expressing the same idea in another way to say that the amendment set out a contract different from that relied on in the original declaration. As a result the amendment set out a new cause of action and should not have been allowed. See Civil Code, § 5099 ; *Cox* v. *Murphy,* 82 *Ga.* 623 ; *Chattanooga, R. & C. R. Co.* v. *Town Co.,* 89 *Ga.* 732; *Singer Mfg. Co.* v. *Armstrong,* 91 *Ga.* 745 ; *Milburn* v. *Davis,* 92 *Ga.* 362.

Exception was also taken to other rulings of the court, among them the refusal to grant a motion for a new trial. These will not be considered, for the error in allowing the amendment to the petition rendered nugatory all that occurred on the trial.

*Judgment reversed. All the Justices concur.*