### 1720.  McKENZIE v. MILLER & COMPANY.

HILL, C. J.  1.  A suit against a broker to recover profits actually realized from a completed sale of personal property can not be amended by alleging that the profits would have accrued but for his negligent failure to execute an order to sell. The original suit is based on an implied

assumpsit for money had' and received by him for the benefit of the plaintiff. The amendment is to recover damages measured by the profits that the plaintiff would have made. if the broker had executed the order to sell.

2. An original petition alleged a contract of purchase from the defendant as vendor. An amendment alleged a contract of purchase, made through the defendant as agent. *Held*, that the amendment was properly stricken, as it alleged a new and distinct cause of ' action. A suit upon one contract can not be changed by introducing, through amendment, a different contract. *Anderson* v. *Pollard*, 62 *Ga.* 46; *Lamar* v. *Lamar*, 118 *Ga.* 850 (45 S. E. 671)'; *Chapman* v. *Americus Oil Co.*, 117 *Ga.* 881 (45 S. E. 268).

3. The court did not err in excluding testimony offered by the plaintiff, at variance with the allegations of his petition, and which was pertinent and relevant only to allegations contained in the amendments thereto that had been properly stricken on demurrer.

*Judgment affirmed.*

Attachment, from city court of Atlanta—Judge Reid. December 12, 1908.

Argued April 13,—Decided November 9, 1909.

*Tye, Peeples, Bryan & Jordan, D. W. Blair*, for plaintiff.

*Smith & Hastings*, for defendants.