## 5641. MAULDIN v. GAINEY et al.

1. Assignments of error not referred to in the brief of counsel for the plaintiff in error are to be treated as abandoned.
2. An action by a vendor against the purchaser for breach of a contract for the purchase of goods, in which it is sought to recover as damages the difference between the contract price and the market value of the goods, can not, by amendment, be converted into a suit for money had and received.
3. "When the court has been duly requested to give its entire charge in writing, and the jury, after deliberating for a while on the case, ask for additional instructions, which the court undertakes to give, these instructions must also be reduced to writing and read to the jury." *Bowden* v. *Achor*, 95 *Ga.* 245 (14) (22 S. E. 254). See also *Harris* v. *McArthur*, 90 *Ga.* 216 (15 S. E. 758).
4. Where, in an action for breach of a contract to purchase seed, there is dispute as to whether the seed were in a "well cleaned and merchantable condition," this is a question of fact for the jury to determine, in the light of the evidence submitted.
5. The question whether there has been such a mutual temporary disregard of the terms of a contract as contemplated in section 4227 of the Civil Code presents an issue for determination by a jury, in the light of the testimony submitted as to the statements and conduct of the parties with relation to the execution of the contract.
6. As a rule, the character of a party to a civil action is not an issue, and evidence thereof is not relevant.
7. Under the provisions of section 4957 of the Civil Code, it is the duty of the court to rebuke improper argument, even though no objection to it be made by opposing counsel; but in the present case it does not appear that the failure of the court to rebuke counsel (who stated to the court that the purpose in introducing certain testimony, to which objection was offered, was to show bad faith) was such error as to require a new trial.
8. A ground of a motion for a new trial containing an extract from the charge of the court and alleging that the court erred in so charging, but which fails to point out wherein the excerpt quoted is erroneous, or why it should not have been given, or why different instructions should have been given, presents nothing for the consideration of a reviewing court.

DECIDED NOVEMBER 4, 1914.

Action on contract; from city court of Cairo—Judge Singletary. February 28, 1914.

*M. L. Ledford, L. W. Rigsby,* for plaintiff in error.

RUSSELL, C. J. According to the allegations of the petition, Gainey and others made a written contract with Mauldin Brothers (alleged to be a firm composed of J. L. Mauldin and C. E. Mauldin) to plant ten acres in collards for seed, and to sell the seed obtained from the ten acres to Mauldin Brothers at 20 cents per pound

23

"f. o. b. nearest railroad station." Mauldin Brothers were to furnish sacks to hold the seed, and the growers, as parties of the second part, agreed to see that the seed were "well cleaned and in merchantable condition." The petition further alleged that the plaintiffs tendered 6,650 pounds of seed in good merchantable condition in conformity with the contract, but that the defendants refused to receive them or to pay the price stipulated in the contract, and that the plaintiffs, to their loss and damage in the sum of $798, were compelled to dispose of the seed at 8 cents per pound, which was the best possible price they could get. C. E. Mauldin filed a plea denying the alleged partnership, and he was, by consent, discharged from the suit. J. L. Mauldin pleaded that the seed were not tendered to him well cleaned and in a merchantable condition, and denied that the plaintiffs were injured or damaged. He set up in defense that J. T. Gainey, acting as duly authorized agent for all the plaintiffs, entered into a new agreement with him in substitution of the original contract, and that he complied with the substituted agreement, and the cause of action alleged in the petition was thereby fully settled and extinguished; that the new agreement stipulated that the 6,500 pounds of collard seed were to be deposited in the Farmers Union Warehouse at Cairo, Ga., for 60 days, subject to his order, and that he should pay the storage and insurance charges and use his skill and diligence in selling the seed at 15 cents per pound, and should deposit with the Citizens Bank of Cairo the 15 cents per pound for seed sold; but that the seed were removed before the expiration of the 60 days, and he was prevented from selling all the seed; that he had deposited in the Citizens Bank the amount received from the seed which were sold, and, by reason of a garnishment sued out by the plaintiffs, was prevented from paying over the proceeds. He prayed that the proceeds from the sale of the seed, withheld from him by the garnishment, be delivered to the plaintiffs under the last agreement, if they were entitled to maintain their action against him.

The plaintiffs filed general and special demurrers to the answer, which were overruled. On the trial the court permitted the plaintiffs to amend their petition, over the objection that the amendment introduced a new cause of action, was not verified by proper affidavit, and would confuse the cause of action and prevent a clear issue from being formed. The amendment alleged: "After the

breach of contract by defendants, your petitioners used due diligence to dispose of the seed at the best possible price. 4,863 pounds were sold for 7 cents per pound, which was 13 cents per pound less than defendants had contracted to pay, and to the damage of petitioners in the sum of $632.19; and the remaining 1,787 pounds of petitioners' seed grown under the contract were delivered to defendants under an agreement to sell them for petitioners without waiving any of the plaintiffs' rights under the original contract. Plaintiffs have never received any amount whatsoever for the 1,787 pounds so delivered to defendants, to the damage of petitioners in the sum of $357.40." By further amendment the amount of damage was alleged to be $989.59. The jury found $250 in damages against the defendant, and also $268.10, the amount obtained by the defendant for the sale of 1,787 pounds of seed as set forth in his answer. Exceptions were taken to the allowance of the amendment to the petition, to the refusal of a continuance, to the failure of the judge to reduce to writing his charge to the jury as requested, and to the judgment refusing a new trial.

1. The exception to the court's refusal to continue the case is expressly abandoned in the brief of counsel for plaintiff in error, and the various assignments of error as to rulings upon evidence must, under the well-settled rule, be treated as abandoned, because there is no reference to them in the brief and argument of counsel for the plaintiff in error.

2. We think the court erred in permitting the amendment. As has been remarked by Chief Justice Bleckley, the rule of amendment is about "as broad as the doctrine of universal salvation" (*Murphy* v. *Peabody*, 63 *Ga.* 524) ; but it is fundamental that a new and distinct cause of action can not be engrafted upon the plaintiff's petition. Civil Code, § 5683; *Groover* v. *Tatnall Supply Co.*, 10 *Ga. App.* 679 (73 S. E. 1083) ; *Lamar* v. *Lamar, Taylor & Riley Drug Co.*, 118 *Ga.* 850 (45 S. E. 671) ; *Tucker* v. *Ball*, 68 *Ga.* 814; *Hall* v. *Walker*, 66 *Ga.* 483. The original petition was brought to recover damages for the breach of a contract, which was expressly pleaded, whereas, under the amendment, the plaintiffs sought to recover $357.40 upon a claim that Mauldin, in a fiduciary capacity, as their agent, had come into possession of that amount of their money, which it was his duty, in equity and good conscience, to pay over to them. The contract required Mauldin to buy the

seed from the plaintiffs, while the amendment alleged that he did not buy the seed to which the amendment referred, but sold them, under a new agreement, as agent for the plaintiffs. Under the terms of the agreement under which Mauldin received the seed as stated in the amendment, there was necessarily a new and different contract from that upon which the original petition was based, and under the agreement set forth in the amendment the action would be one for money had and received for the plaintiffs' use. Even if the amendment be construed as an action for damages for the breach of a contract, the contract referred to in the amendment is entirely new and distinct from the first contract alleged. See tests in *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 792 (48 S. E. 318).

3. From the recitals of the bill of exceptions it appears that in accordance with the provisions of section 4847 of the Civil Code, and before argument of counsel, the defendant's counsel delivered to the presiding judge a written request that the charge of the court be reduced to writing and read to the jury; and in response to the request the court prepared notes of the charge and read them to the jury, the defendant making no objection at the time the charge was made. After the jury had retired and had been out for about three hours, they were brought before the court to be recharged, and thereupon the judge "reread from his written charge," but at the same time gave oral instructions and amplification of the charge; and to this the defendant excepts. In the oral instructions the court charged the jury that if they believed, from the evidence, that the plaintiffs agreed to let the defendant out of the contract and make him their agent to sell the seed, then they would be entitled to "whatever amount he holds in trust for them at the Citizens Bank;" and that if the jury believed that the plaintiffs and the defendant entered into a new agreement, but the new agreement was not intended to replace or take the place of the original contract, then it would be their duty to find just such damages for the plaintiffs under the original contract, as the evidence might warrant; but on the other hand, if they believed that the new agreement was intended as a novation and settlement of the original contract, then it would be the duty of the jury to find just such damages under the new agreement as the evidence warranted. The plaintiff in error insists that the additional charge was error

for the reason that he had an unqualified right to have the charge reduced to writing, under the provisions of section 4847 of the Civil Code, and that no waiver of this right would result or be implied from his failure to object at the time the additional instructions were orally delivered, there being nothing to charge the defendant with notice that the court intended to give such additional instructions. Under the rulings of the Supreme Court in *Bowden* v. *Achor,* 95 *Ga.* 245 (22 S. E. 254), and *Fields* v. *Carlton,* 75 *Ga.* 556, the error of the court in refusing to comply with the request, both in letter and in spirit, requires the grant of a new trial. When the court is duly requested to give its charge in writing, and the jury, after deliberating a while on the case, asks for additional instructions, the additional charge must be reduced to writing and read to the jury.

4. Under the assignment of error that the verdict was contrary to law and without evidence to support it, the plaintiff in error insists that the plaintiffs were required to show that they had complied with the condition precedent in the contract with relation to furnishing seed well cleaned and in merchantable condition. Under sections 4223 and 4224 of the Civil Code, the plaintiffs were not entitled to recover damages based upon a breach of the contract by the defendant until they had shown that their cross-obligations under the contract had been complied with. Properly construed, the words "well cleaned," in the contract, seem to be qualified by the word "merchantable," used in the same connection, and it devolved upon the plaintiffs to show that the seed were so cleaned as to be merchantable in accordance with the usages of the trade in selling seed. There was evidence that Cairo was a seed market, and that generally seed cleaned and delivered by farmers were necessarily recleaned in preparing them for the wholesale trade. What the parties meant by the words "well cleaned" may be demonstrated by evidence aliunde the contract. After all, the question as to whether the seed were well cleaned and in merchantable condition is a question of fact for a jury, in the light of the evidence submitted.

5. As to whether there was such a mere mutual temporary disregard of the terms of the contract as would operate to annul the original agreement was a question for the jury. Before the contract could have been breached by the defendant, there must have

been a valid tender and absolute refusal to receive the seed. A mutual temporary departure from the terms of a contract would not constitute a breach, but before an action based upon an alleged breach could be maintained, it would be necessary for the plaintiffs to give the defendant reasonable notice of their intention to insist upon the specific terms of the agreement. Until such notice the departure is a quasi new agreement. Civil Code, § 4227. Whether in any case there has been such a mutual temporary disregard of the terms of a contract as is contemplated in section 4227 of the Civil Code is an issue for determination by the jury, in the light of the testimony submitted in regard to the statements and conduct of the parties with relation to the execution of the contract.

6. In the first ground of the amendment to the motion for new trial it is insisted that the court erred in admitting, over the objection that the testimony was irrelevant and prejudicial to the defendant, testimony that the witness "swore out a warrant for Mauldin for larceny after trust and had him bound over to the superior court." This testimony should have been repelled, because the character of a party to a civil action is not ordinarily an issue, and its only effect in the present case must have been to prejudice the jury against the defendant. The witness could properly have testified that he had failed to get the money from Mauldin after demand, and Mauldin's refusal to pay it upon demand might be sufficient to evidence bad faith upon his part, but the subsequent action of the witness and the result of an investigation which should properly have been shown by the written judgment, if it was competent to show the fact at all, was entirely beside and apart from any issue properly before the jury.

7. In the second and third grounds of the amendment to the motion for a new trial error is assigned because the court admitted testimony to the effect that the defendant admitted that he had the seed sold at a profit, and because the court failed to rebuke plaintiffs' counsel for stating that this evidence was offered to show bad faith. While it is the duty of the court to see that neither party's rights are prejudiced by improper remarks by counsel (in proper cases to the extent of ordering a mistrial), it is not made to appear that either the admission of the evidence or the remark of counsel was prejudicial in the present case.

8. In the fourth and fifth grounds of the amendment to the

motion for a new trial it is insisted that the court erred in charging the jury as set out in two excerpts from the charge, which are quoted, but the movant does not attempt to state why these instructions were erroneous. In the sixth ground it is alleged that the court erred in failing to instruct the jury that the relation of principal and agent arises whenever one person expressly or by implication authorizes another to act for him, or subsequently ratifies the acts of another in his behalf; but there is no attempt to point out why such an instruction would be pertinent, or why it should have been given in the absence of a request. The trial judge, on review, is entitled to have all alleged errors specifically pointed out, with such definiteness as not only to enable him to determine the merits of the question presented for adjudication, but also to inform him as to the reason or ground upon which the movant insists that a previous action of the court was prejudicial.

*Judgment reversed. Roan, J., absent.*