## 8348.  TAYLOR v. YOUNG & COMPANY et al.

JENKINS, J.  1.  The issue in this case is made by virtue of a claim set up by way of recoupment by a real-estate agent for commissions earned in effecting an exchange of property.  There was evidence to authorize the jury to find that the husband of the plaintiff, the owner of the property, acting as her authorized agent, contracted on behalf of his principal for the payment of the commissions claimed, and that the exchange as effected was made in accordance with such agreement, and was brought about by the efforts of the real-estate agent.

(a) While agency can not be established by the declarations or conduct of the alleged agent alone (*Americus Oil Co.* v. *Gurr*, 114 *Ga.* 624, 40 S. E. 780; *Hood* v. *Hendrickson*, 122 *Ga.* 795, 50 S. E. 994; *Friese* v. *Simpson*, 15 *Ga. App.* 786 (4 a), 795, 84 S. E. 219), still the fact of agency may be established by proof of circumstances and the apparent relations and conduct of the parties, including the declarations of the alleged principal.  *Cable Co.* v. *Walker*, 127 *Ga.* 65 (56 S. E. 108).  Thus the depositions of Eubanks, in which he testified to the declaration of the owner upon the question of Young's agency, while not of itself sufficient to fully establish agency as related to the transaction in controversy, was properly admitted for the consideration of the jury, along with other oral and documentary evidence upon this issue.

2.  The grounds of the motion for a new trial not dealt with above are without merit, and the court did not err in overruling them.

　　　　*Judgment affirmed.  Broyles, P. J., and Bloodworth, J., concur.*
　　　　　　　　　DECIDED SEPTEMBER 19, 1917.

Complaint; from city court of Cartersville—Judge Moon. November 8, 1916.

*W. T. Townsend, W. W. Mundy, Mundy & Mundy,* for plaintiff. *John T. Norris,* for defendants.