COOPER *et al.*, receivers, *v.* OGLETHORPE SAVINGS AND TRUST COMPANY *et al.; et vice versa.*

GEORGE, J. 1. While two joint wrong-doers residing in different counties may be sued in one action in the county where either of them resides, it is not permissible in such a suit to seek equitable relief against the wrong-doer who is a non-resident of the county in which the suit is pending, when no substantial equitable relief is prayed against the resident defendant. Especially is this true in a case where the equitable relief sought is of such character that if the suit had been brought in the county of the residence of the person against whom it is sought, the other defendant would have been merely a nominal party to the proceeding.

2. The uniting in one suit of a cause of action for the recovery of personal property wrongfully withheld, against two wrong-doers, one a resident and the other a non-resident of the county in which the suit is brought, and an equitable cause of action against the non-resident, in which the resident defendant is not substantially concerned, is such a defect as can be taken advantage of by each of the defendants on separate demurrers raising the objection that the court has no jurisdiction to decree the equitable relief sought against the non-resident.

3. If the petition in this case set forth a cause of action, it set forth two separate and distinct causes of action, one legal and the other equitable; one which might be brought in the county of the residence of either defendant, and the other which could not have been properly brought elsewhere than in the county of the residence of the defendant against

whom the substantial equitable relief was prayed. The defendants, therefore, were entitled to a dismissal of the petition, unless the alleged equitable cause of action was eliminated from the petition.

4. The offered amendments to the petition should have been disallowed, on the objections (a) that each contained a new, and therefore a separate and distinct, cause of action; (b) that the allegations of the amendments were inconsistent with and contradictory to the allegations ·of the original petition. The petition as amended was subject to the demurrer based upon the grounds indicated in the first, second, and third divisions of this decision, and there was no error in dismissing it. This case is controlled by Townsend v. Brinson, 117 Ga. 375 (43 S. E. 748), and differs on its facts from Baker v. Davis, 127 Ga. 649 (57 S. E. 62).

Judgment on the main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur, except Fish, C. J., absent.

Nos. 410, 412.    JANUARY 18, 1918.

Equitable petition. Before Judge Hardeman. Screven superior court. April 18, 1917.

T. J. Evans, for plaintiffs.

Garrard & Gazan and E. S. Elliott, for defendants.