### 11499.  MOORE *v.* HERRING & SPARKS.

LUKE, J.  1. This was a suit to recover the value of services rendered; and, under the evidence, it was for the jury in the municipal court to determine whether the defendant acted for himself or as agent for another in causing a third person to employ the plaintiffs to perform the services.

2. The portion of the charge of the court complained of in the petition for certiorari not being set out therein, or indicated except by reference to "the second paragraph" of the entire charge and the charge as a whole not being divided into numbered paragraphs, the assignment of error is too indefinite and vague to authorize its consideration by this court.

3. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED JULY 29, 1920.

Certiorari; from Bibb superior court — Judge Mathews.  April 3, 1920.

Herring & Sparks, a firm of attorneys at law, sued A. B. Moore in the municipal court of Macon, alleging that he was indebted to them in the sum of $240 for professional services rendered by them; that he procured them to examine the title to certain lots of land, for which services he agreed to pay a reasonable fee of 1% of its market value, and that its value was $24,000; that the plaintiffs performed their part of the contract and prepared abstracts of title to the land and delivered their certificate of title to C. B. Lewis, the agent authorized by the defendant to receive the same; that the defendant, through his agent C. B. Lewis, the latter being fully empowered to act in this capacity, procured the plaintiffs to render these professional services, on a promise to pay them the reasonable fee of 1% of $24,000; that, since these services were rendered, the defendant expressly consented and agreed to pay this fee in consideration of the fact that L. B. Hamilton should pay him $1,700, this payment being made on condition that the defendant should relieve Hamilton from purchasing and paying for the said land, and on condition that the defendant should pay all costs, expenses, and attorney's fees that might have accrued in the said transaction; and the defendant failed and refused to pay the said indebtedness. These allegations were denied in the defendant's answer. At the trial there was evidence from which the following facts appeared: In a contract between Moore and Hamilton for the sale of certain land by Moore to Hamilton it was agreed that Moore should furnish a clear title to the land, and the sale should be subject to examination and approval of the title. Hamilton, according to his testimony, told Moore to "turn over the deed" to C. B. Lewis, a friend of Hamilton, who would "pass on it" as to whether title was good, and Moore was to satisfy Lewis. According to Moore's testimony Hamilton told him to turn the papers over to Lewis and tell Lewis to have them examined, and Moore turned over the papers to Lewis and told him to have them examined. Nothing was said then or before that time as to who was to be employed to examine the title or as to payment for the examination. Lewis testified that Moore instructed him to have the titles examined for Hamilton by some lawyer that he (Lewis) might select, and he (Lewis) turned the papers over to Mr. Sparks, of the firm of Herring & Sparks, "to have the abstracts made of the property," and "must have told him that

they were to be examined for Hamilton," as this was the only instruction given by Moore. Sparks testified that when Lewis turned the deeds over to him and asked him to examine the titles, Lewis stated that the papers were left there by Moore, and that L. B. Hamilton was the purchaser of the property; and he (Sparks) told Lewis "all right," and made the examination and abstracts and furnished abstracts and opinions to Hamilton and a bill for services, which Hamilton refused to pay. He assumed, from the fact that Hamilton was the purchaser, that Hamilton was to pay for these services; and when the investigation of the titles was about completed he inquired of Moore "regarding some discrepancies," and Moore referred to the fact that Hamilton was to pay for the abstracting of the title. There was conflict in the testimony as to whether in a subsequent settlement between Moore and Hamilton it was agreed that Moore should pay the attorney's fees. It was testified that the property was valued at $32,000, and that the services rendered by the plaintiffs were reasonably worth $240.

The trial of the case resulted in a verdict in favor of the plaintiffs, for $240; a motion for a new trial was overruled by the judge of the municipal court, and the defendant sued out certiorari, alleging that the judge erred in not granting a new trial, that the allegations of the plaintiffs' petition were not supported by evidence, that the evidence did not conform to the pleadings, that the verdict and judgment were contrary to law and to the evidence, and that the court erred in giving a charge to the jury "directing that they would be authorized in law if they believed the evidence as the contention of the plaintiff was the truth of the case," "said portion of the charge excepted to herein being paragraph 2 of said charge in accordance with exhibit B of this petition." In the charge as set out in exhibit B is the following: "2. It is your sole duty to determine whether Mr. Moore made contract or agreed to pay this fee, or made contract with Mr. Hamilton, through Mr. Lewis, to furnish good and sufficient title to this property. If he did, he is liable; and if he did not, he is not liable." This is the only numbered part of the charge except the part preceded by "No. 3," which immediately follows this extract. The judgment of the judge of the superior court was as follows: "In this case I think there was evidence to authorize the jury to find that when Moore gave his deeds to

C. B. Lewis and instructed him to procure abstract of title for Hamilton to the lands described in the deeds, he was giving these instructions for himself and not for Hamilton, and that therefore C. B. Lewis was his agent, and that Lewis's act in engaging Herring & Sparks was the act of Moore. In the absence of material and hurtful errors of law on the trial in the municipal court, I think the verdict authorized, though not demanded; and I hereby overrule the certiorari."

*Oliver C. Hancock,* for plaintiff in error, cited: 18 *Ga. App.* 369, 374; 72 *Ga.* 205 (*Gunter* v. *Mooney*); 99 *Ga.* 408; 137 *Ga.* 615; Park's Ann. Code, § 5516; 8 *Ga. App.* 652; 10 *Ga. App.* 287; 105 *Ga.* 70; 110 *Ga.* 302; 114 *Ga.* 624; 116 *Ga.* 63; 117 *Ga.* 881; 136 *Ga.* 303.

*P. F. Brock,* contra, cited: 132 *Ga.* 51; 24 *Ga. App.* 497 (5); 39 *Ga.* 708 (2, 3), 712; 49 *Ga.* 268 (3); 53 *Ga.* 318 (3); 2 Smith's Leading Cases, 368, note to Thompson *v.* Davenport.