34772. SPIKES, Administratrix, *v.* SPIKES.

DECIDED NOVEMBER 10, 1953.

142

*Dickens & Dickens*, for plaintiff in error.

*Lewis & Rozier, Randall Evans, Jr.*, contra.

GARDNER, P. J. ■ The jury rendered a verdict in favor of the defendant, sustaining his contention that his deceased brother had made an outright gift to him of $3,725, stating to the defendant at the time that the deceased was depending on the defendant to pay his expenses.

The deceased received medical care and treatment and good nursing, furnished by the defendant, until the deceased died, and the defendant paid for such care, and also paid the funeral expenses. The evidence showed that the defendant paid out all but $725 of the money given him by the deceased in caring for and interring the deceased. The evidence tended to show that,

considering the time expended and other expenses which the defendant incurred in performing the requests, this service would amount to at least $725 other than expenses listed, and perhaps much more than $725. Several witnesses testified to having heard the deceased state that he had made an outright gift of the money to the defendant, his brother. There is a valid gift where the donor intends to give, where there is acceptance by the donee, and delivery of the article. See Code § 48-101. The jury found that this was a gift and found against the plaintiff administratrix. This verdict was amply authorized under the evidence.

■ It was not error for the court, after allowing an amendment by the plaintiff to her petition subject to objection by the defendant, to pass an order to the effect that such amendment had been improvidently granted, and to sustain the objection of the defendant thereto on the ground that the same was an attempt by the plaintiff to change the cause of action sued on. In paragraph 8 of the original petition, the plaintiff alleged that the deceased turned said sum of money over to the defendant for the specific purpose of depositing the same for him and in his name in a bank, and the defendant accepted the same for that purpose. The plaintiff by amendment sought to strike from said paragraph 8 the words, "the specific purpose of depositing the same for him in his name in a bank," and inserting in lieu thereof that the deceased had turned said money over to the defendant "for safekeeping for the use and benefit of said Eddie Spikes, and the defendant accepted the same for that purpose." These two theories or statements of what took place between the deceased and his brother are entirely inconsistent. If the deceased handed this money to the defendant to deposit in a bank in his name, he did not turn same over to the defendant for safekeeping for the use and benefit of the deceased. Where under a proposed amendment the terms of the contract sued on are changed, there is a new cause of action (see *Lamar* v. *Lamar &c. Co.*, 118 *Ga.* 850, 45 S. E. 671), and such amendment is not allowable under Code § 81-1303. For instance, an action upon a contract for the price of goods sold and delivered cannot by amendment be changed or converted into a suit for money had and received. The two theories are not consistent.

*Groover* v. *Tattnall Supply Co.,* 10 *Ga. App.* 679 (73 S. E. 1083). So, where the allegations of a proposed amendment are inconsistent with the allegations of the original petition, the same should not be allowed. *Cooper* v. *Oglethorpe Savings &c. Co.,* 147 *Ga.* 570 (94 S. E. 1006). The court properly disallowed the plaintiff's amendment. A substantially different count may be added by amendment only where the plaintiff adheres therein to the original cause of action. See *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318).

■ The defendant amended his original plea and answer, it appearing that they consisted of a denial of the allegations of the petition, and in such amendment, denominated by the defendant as "2nd Defense," denied that the deceased gave him any money to be placed in a bank, and averred that, around November 14, 1950, at Jacksonville, Florida, the deceased gave to the defendant $3,725, "knowing that he was in desperate physical condition and could not live much longer, and having complete confidence in the defendant (who was his brother)," and that "said money was not given as a trust, nor was any condition attached thereto, but Eddie Spikes knew that the defendant would do all within his power to make the last days easier at the time it [the money] was given to him and would pay all of his debts." The plaintiff demurred to this amendment on the ground that its allegations were irrelevant and immaterial and amounted to conclusions not supported by any allegation of facts. The trial court overruled this demurrer and the plaintiff excepted pendente lite.

The defendant again amended his plea and answer, that the money was given to him by his brother with intention to make a gift, and was so accepted by him and the money actually delivered to the defendant. The defendant alleged that this was in the presence of the plaintiff, and the deceased said he was not going to get well and was depending on the defendant to aid him in every way and take care of his expenses before and after his death, and the defendant paid all' expenses incurred, gave him the best of medical and hospital care, and paid for the funeral.

The plaintiff again demurred to this amendment as setting

forth conclusions not supported by the facts, and also because same were allegations relative to a conversation between the deceased and the defendant, and because the defendant thereby sought to plead matters of setoff and counterclaim, and did not therein set forth plainly, fully, and distinctly the names of the persons to whom the defendant made the payments claimed, or when he made same, and because it did not appear to whom the defendant paid the funeral expenses, and the amount thereof, and because it is immaterial and irrelevant what the defendant may have done "with his own money or funds." The plaintiff further demurred to the allegations that the deceased was given the best medical and hospital treatment available, in that such allegations are conclusions not supported by the allegations of fact setting forth the nature of the medical and hospital treatment given the deceased and when given. The plaintiff further demurred to the allegations that the defendant after his brother's death "paid funeral expenses," and moved that same be stricken, such expenses not being proper items of setoff against the demand sued on. The court overruled said demurrers, and to this judgment the plaintiff excepted pendente lite, assigning error thereon in the bill of exceptions to this court.

The court did not err in overruling these demurrers. The defendant thereby alleged facts going to show that the transaction involved was an outright gift of the money to the defendant, that the deceased realized his condition, and knew his brother would take care of all expenses and see to his welfare during his remaining days. These amendments of the defendant were not subject to any of the objections urged thereto by the plaintiff, and the court correctly overruled the same.

The defendant claimed, in defense to the present action by the plaintiff administratrix, that the money was given outright to him by the deceased. The plaintiff contends that this is not true, but that the deceased turned the money over to the defendant for the specific purpose of depositing same in a bank in the name of the deceased. The allegations of these amendments were pertinent and relevant to the contentions of the defendant to show that he acted fairly throughout the entire transaction. "To constitute a valid gift there shall be the intention to give by the donor, acceptance by the donee, and

146

delivery of the article given or some act accepted by the law in lieu thereof." Code § 48-101. See *Porter* v. *Allen*, 54 *Ga.* 623. Allegations tending to show probability and fitness of the alleged gift, and means and motive on the one side and merit on the other, are proper, especially between two brothers having strong affection for each other, and where the wife of the donor was estranged from him, and the donor knew he was in extremis and desired that his expenses both before and after his death be taken care of. Such allegations were pertinent furthermore as tending to show that the defendant exercised no undue influence over the deceased to obtain this gift and also to show the fairness of the transaction.

■ There was no error, as contended by the plaintiff administratrix in special ground 1 of her motion for new trial, in permitting the defendant to testify: "When she [plaintiff] refused it [$300.00 offered her by the deceased], she said she had another man to take care of her, if that was all he was going to give her." This statement was made by the plaintiff in the hospital room in Jacksonville, Florida, when the defendant brought the personal-injury-settlement funds into the room and turned them over to the deceased, his brother, Eddie Spikes, and the deceased gave to his infant daughter $1,000 thereof and to the defendant the sum involved in this case.

■ In special grounds 2, 3, 4, 5, 6, 7, and 8, the plaintiff assigns error upon the introduction in evidence of testimony of the defendant and others, and of evidence tending to show that the defendant had paid out of the money turned over to him by the deceased various expenses incurred, including the funeral expenses. This evidence was not immaterial and irrelevant, and its admission for consideration by the jury was proper to substantiate the defense of the defendant to the petition, to the effect that the deceased gave this money to the defendant outright and stated that the deceased was depending on the defendant to care for him during the balance of his life. This evidence tended to show that the defendant had paid out some $3,000 in taking care of his brother, and tended to show the fairness of the transaction, and that this gift was not the result of undue influence practiced by the defendant over the deceased.

■ In special ground 9, the plaintiff assigns error upon the

following excerpt from the court's charge: "It is not every kind of influence by one person toward another which is undue influence, and you are instructed that honest intercessions and persuasions, if such, or fair and flattering speeches, if any, or acts of kindness, if such, will not as a matter of law amount to such undue influence as will authorize the setting aside of a gift on that ground." This instruction was not error for any of the reasons assigned. It stated an accurate and correct principle of law applicable under the facts of this case and under the contentions raised by the plaintiff. The plaintiff contended that there was a presumption in her favor that the defendant had procured this money by the exercise of undue influence over her husband, his brother, while he was in extremis. In *Trustees* v. *Nisbet*, 191 *Ga.* 821 (8) (14 S. E. 2d 64), cited and relied upon by the plaintiff, the court held that "the influence, the exercise of which will invalidate a contract, is such influence as amounts either to deception or to force and coercion which destroys free agency." On page 842 the following principle was quoted with approval: "When such a relationship of dominance of one party exists, however, as is ordinarily the case where there is a fiduciary or confidential relation between the parties, the courts of equity hold that it raises a presumption of undue influence and throws upon the dominant party the burden of establishing the fairness of the transaction and that it was the free act of the other party. This principle has been generally applied to cases of settlements of property, especially gifts." It is our opinion that the excerpt from the charge excepted to was correct and not erroneous for any of the reasons assigned.

■ Special ground 10 complains of the refusal by the trial judge to exclude on the plaintiff's motion the following material evidence, which had previously been illegally admitted: "Eddie said he was depending on me to pay his expenses in life and expenses after death, both. He did not make that a condition that, unless I (she contended) did these things, he would not give me the money, he told me the money was to be mine. I told him I would pay his expenses and make his last days as easy as I could." The admission of the above testimony of the defendant was not error for any of the reasons assigned in this ground. Such evidence should not have been excluded as being

"transactions with a deceased person and the opposite party to the case being the administrator." Said testimony was not illegally admitted, as contended by the plaintiff, because it "was material, prejudical, and hurtful to movant for the reason that one of the defenses which the defendant set up to movant's cause of action was that Eddie Spikes had made a gift of the money sued for to the defendant, John Henry Spikes, and this evidence supplied one of the necessary elements of the gift, that is, the intention of Eddie Spikes to make the alleged gift." Such evidence was relevant and properly admitted because it tended to substantiate the defendant's contentions, and was in rebuttal of the plaintiff's testimony. See Code § 38-1603 (6). See also *Cheney* v. *Bank of Bremen*, 25 *Ga. App.* 114 (1) (102 S. E. 903) ; *Wood* v. *Isom*, 68 *Ga.* 417 (5).

No error of law appearing from the exceptions pendente lite, and none of the special grounds of the motion for new trial showing error, and the evidence supporting the defendant's contention that the deceased gave him the money involved as an outright gift, the court properly denied the motion for new trial.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*