36814. GEORGE M. COUCH, INC. *v.* JAMES.

DECIDED SEPTEMBER 13, 1957—REHEARING DENIED OCTOBER 2, 1957.

*Tindall & Tindall, Joseph D. Tindall, Jr., J. Frank Kemp,* for plaintiff in error.

*Matthews & McClelland, J. Ralph McClelland, Jr.,* contra.

GARDNER, P. J. 1. Counsel for the defendant argues, in regard to the court's rulings on the demurrers and to the order overruling the defendant's objections to the plaintiff's amendments, that the petition could not be amended by abandoning the contract first alleged and setting up another and different con-

tract. Counsel cites in support of this theory *Lamar* v. *Lamar, Taylor & Riley Drug Co.,* 118 *Ga.* 850 (1) (45 S. E. 671). That case differs from the case at bar and expresses a correct legal premise but is not applicable to the facts of the instant case. *Spikes* v. *Spikes,* 89 *Ga. App.* 139 (79 S. E. 2d 21) is likewise not applicable. We see no similarity between the instant case and the following cases: *Chattanooga, Rome &c. R. Co.* v. *East Rome Town Co.,* 89 *Ga.* 732 (16 S. E. 308); *Cooper* v. *Oglethorpe Savings &c. Co.,* 147 *Ga.* 570 (94 S. E. 1006); and *McKenzie* v. *Miller & Co.,* 6 *Ga. App.* 828 (65 S. E. 1071). A careful reading of *Allison* v. *Allman,* 82 *Ga. App.* 574 (61 S. E. 2d 672) and *Wild* v. *Krenke,* 206 *Ga.* 83 (55 S. E. 2d 544) will show that the pleadings and facts are entirely different and therefore are not applicable. Counsel relies on *Oxford Knitting Mills* v. *Wooldridge,* 6 *Ga. App.* 301 (64 S. E. 1008), as a basis for reversal. In that case the court said that in the event of a sale of goods with a warranty of quality, delivered to and accepted by the buyer, if the goods should prove not to correspond with the warranty, the measure of damages is the difference between the contract price and the actual value of the goods when and where delivered. That case concerned a sale of coal. The court held that the coal should have been rejected entirely as worthless, and having received and used the coal, the plaintiff would not be entitled to a reduction from the contract price to the actual alleged value of the coal when used. It is elementary that goods which are used, such as coal in that case, are not produceable for comparison and there can be no basis for determining the damages. Such is not the case in regard to the Packard involved here.

It is our opinion that the cause of action originally laid by the plaintiff was constant and consistent throughout the proceedings. The only change was that by amendment the amount for damages claimed was reduced. Such was an advantage to, and not harmful to the defendant. The court did not err in any of the rulings regarding the demurrers and objections.

2. We have set out the evidence somewhat in detail and find that it amply supports the verdict of the jury. The general grounds are not meritorious. The defendant's motion for a judgment notwithstanding the verdict is not meritorious.

3. Special grounds 1 and 2 insist that a verdict and judgment was demanded for the movant, under the evidence. We have passed on this substantially hereinabove. This contention is not meritorious.

Special ground 3 assigns error because it is alleged that the court erred in giving the following charge to the jury: "Gentlemen, those are the express warranties, and in the opinion of the court, those warranties do not exclude what we know as the implied warranties, the implied warranties being those warranties which the law writes into each contract for the sale of chattels. The implied warranties are that the seller has valid title and right to sell, that the seller knows of no latent defects undisclosed, and that the thing sold is reasonably suited for the use intended. Those are the implied warranties which are applicable in the case."

The defendant alleges that this excerpt was erroneous and injurious because it was not applicable to the issues in the case as formed by the pleadings and the evidence; that it was misleading to the jury in that it had no proper guide as to what liability rested on the defendant under the implied warranty and under the express warranty; that it had the effect of nullifying and destroying the defendant's defense of express warranty by injecting the issue of implied warranty when such implied warranty was not applicable to the issues in the case as made by the pleadings and the evidence; and that such charge was erroneous and not sound as an abstract principle of law. Under the pleadings and the evidence of this case and when we consider the charge as a whole, this assignment of error is not meritorious. The court charged fully regarding the pleadings and the evidence. The following cases are not applicable under the pleadings and facts of the case at bar: *Brandon & Co.* v. *Franklin & Co.*, 46 *Ga. App.* 303 (3) (167 S. E. 612); *Frick Co.* v. *Smith*, 70 *Ga. App.* 118 (4) (27 S. E. 2d 795) and *Springer* v. *Indianapolis Brewing Co.*, 126 *Ga.* 321 (3) (55 S. E. 53).

The court did not err in any respect.

*Judgment affirmed. Townsend and Carlisle, JJ., concur in the judgment of affirmance.*