### 668.  GUDE & WALKER *v.* BAILEY COMPANY.

1. In contracts for the sale of personal property, wherein a time is named for delivery, it is a question of construction, in each particular case, as to whether or not the time named is a material part of the contract, a breach of which will give the other party a right of action therefor. In the present case time was of the essence of the contract.
2. Where a contract contains a term prescribing a time for performance, the term as to time may be enlarged by an agreement based on a consideration.
(*a*) An offer by the promisee to waive damages resulting from the breach of the term of a contract as to the time of performance, on condition that the other party thereafter make prompt delivery, becomes a valid agreement only upon compliance with the condition.
(*b*) After the plaintiff had broken the term of the contract, as to the time for the delivery of lumber, the defendants wrote, "If you will get us this material promptly, however, there will be no question of damages of any kind, and we trust you will do so." The lumber was thereafter

delivered at intervals extending through several months. *Held*, that it is a question for the jury, to be determined in the light of all. the circumstances, and the exigencies of the contracting parties, as to whether or not the delivery of the lumber was within the time limited by the offer.

(c) The mere acceptance of property after the time for delivery named in the contract is not necessarily in every case a waiver of the right to claim damages for non-delivery at the time prescribed.

Complaint, from city court of Atlanta—Judge Reid. May 31, 1907.

Argued March 31,—Decided April 9, 1908.

The plaintiff in the court below, the H. J. Bailey Company, contracted to deliver to the defendants, Gude & Walker, certain lumber. The contract was largely made by correspondence, the material portion of which is as follows: On June 7, 1905, the defendants wrote to the plaintiff a letter of inquiry, saying, "We would like your price on the enclosed approximate bill of yellow pine lumber f. o. b. Atlanta. Please advise us how promptly you could deliver same. A prompt reply will oblige." •On June 10 the plaintiff acknowledged receipt of the letter and quoted prices, concluding as follows:· "We could commence shipment in two to three weeks and complete same in seven to eight weeks, and it is possible we might do a little better than this. Please let us hear from you if we can interest you." The defendants wrote on June 16, "We hereby accept your proposal of the 10th instant to furnish us a bill of yellow pine lumber at the prices named f. o. b. Atlanta; the shipments to begin in two or three weeks and to be completed, except flooring and partition, in seven to eight weeks. We enclose a corrected bill of material; the former one being an approximate one. Kindly acknowledge receipt of this and oblige." Qn June 19 the plaintiff replied: "Your order for yellow pine lumber for Guthman Laundry at hand. Same will receive our careful and best attention." No part of the lumber was shipped for six or eight weeks. On August 10 the defendants telegraphed to the plaintiff, "When will you begin shipping large timber? Answer;" and a few days later they wrote as follows: "On June 16 we sent you an order for lumber for the Guthman Laundry building in this city, which was to be shipped complete, excepting ceiling and flooring, in seven to eight weeks. This time has now elapsed, and we are suffering for want of lumber. Unless we get

it promptly we will be damaged and must hold you responsible. We have written and wired asking you about it repeatedly, but have had no answer recently." On the 17th of August the plaintiff wrote, "your favor of the 16th inst. to hand, regarding your order for timber for the Guthman Laundry building. We beg to advise that we will not be responsible for any damages of any kind, and this is to put you on notice to that effect." In response to this letter the defendants wrote on the 19th, "We have tried to be patient about this lumber; but there is a considerable difference between the two or three weeks to which shipments were to be started and the eight or nine weeks that have elapsed since the order was placed. If you will get us this material promptly, however, there will be no question about damages of any kind, and we trust you will do so." So far as the record shows, the plaintiff never replied to this letter; but the lumber was shipped from time to time thereafter and accepted by the defendants, the deliveries being finally completed in November or December. The plaintiff sued on account for the contract price of the lumber; the defendant sought to recoup various items of damages which they claimed to have suffered by reason of the plaintiff's failure to ship the lumber within the time limited by the original contract. Whether an allowance of all these items of damage would be proper, as being within the contemplation of the parties, is not now before the court. The trial judge directed a verdict for the plaintiff, for the full contract price of the lumber, with interest; and the defendants excepted. The further facts necessary to an understanding of the points involved appear in the course of the opinion.

*Ellis, Wimbish & Ellis,* for plaintiffs in error.

*John A. Boykin,* contra.

HILL, C. J. When parties enter into a contract for the sale of personal property and name therein a time at which delivery is to take place, the question as to whether or not the time named is a material part of the contract is a question to be decided in each case by a construction of the language used, in the light of the other relevant circumstances. *Sneed* v. *Wiggins,* 3 *Ga.* 94, 102; Civil Code, §3675 (8). As to the respective functions of the judge and the jury in such cases, see Civil Code, §§3672 et seq. The cardinal rule of interpretation is whether or not the parties

intended that time should be of the essence. "In contracts of merchants, time is of the essence. The time of shipment is the usual and convenient means of fixing the probable time of arrival, with a view of providing funds to pay for the goods, or of fulfilling contracts with third persons. A statement descriptive of the subject-matter, or some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty, in the sense in which that term is used in insurance and maritime law, that is to say, a condition precedent, on the failure or non-performance of which the party aggrieved may repudiate the whole contract." Norrington v. Wright, 115 U. S. 188, 203 (6 Sup. Ct. 12, 29 L. ed. 336); Cleveland Rolling Mills v. Rhodes, 121 U. S. 255, 261 (7 Sup. Ct. 882, 30 L. ed. 920), and cit.; McGrath v. Gegner, 77 Md. 331, 336 (26 Atl. 502, 39 Am. St. R. 415); 9 Cyc. 604. In the case at bar it is plain that the parties understood that time was a material term of the contract. This is shown by the letters; and even if they are not conclusive, the undisputed evidence removes all doubt on the question. In the very first letter written, the plaintiff was specifically asked as to how promptly delivery of the lumber could be made; and the reply was that delivery would commence in two to three weeks. The defendant Walker testified at the trial that he told the plaintiff's Atlanta manager, with whom most of the negotiations were carried on, that time was as much of an object as money, and was assured by him that his principal would keep the stipulation as to time, without fail. See *Savannah Ice Co.* v. *Amer. Refrigerator Transit Co.,* 110 *Ga.* 142, 145 (35 S. E. 280). It therefore follows that the plaintiff was guilty of a breach of the contract, by not delivering the lumber within the time limited. According to the contract, delivery was to commence in two to three weeks; and the evidence shows that no part of the lumber was delivered within seven to eight weeks. For a breach of this term of the contract, the defendants could have treated the contract as at an end, and have instituted suit for damages caused by non-performance on the part of the sellers. This they did not do; but wrote to the plaintiff complaining of the breach and. stating that they would be damaged thereby in various ways, for all of which they would hold the plaintiff responsible. The plaintiff replied, expressly repudiating liability under the contract, for the items of damage claimed.

After the receipt of this letter, the defendants wrote, on August 19, "If you will get us this material promptly, however, there will be no question about damages of any kind, and we trust you will do so." In view of the previous negotiations, this letter could mean but one thing, namely, the defendants were willing to waive all claim for damages growing out of the plaintiff's non-performance within the time limited, if thereafter the lumber should be delivered promptly. That this was the purpose of the letter is further brought out by the testimony of Walker at the trial. He says: "On August 19th, I wrote this letter stating that there would be no question about damages if the material was promptly coming; if it came promptly I would not hold them for damages. That was a further inducement to get it here. Now that was after the time for delivery. That was after I found that I could not get it promptly anywhere else." It is equally plain from the letter, as well as from the undisputed evidence, that the offer to waive was not absolute or unconditional; it was expressly conditioned upon the plaintiff's thereafter delivering the lumber promptly. See *McCroskey* v. *Hamilton,* 108 *Ga.* 646 (34 S. E. 111, 75 Am. St. R. 79). The defendants, in effect, said, "We offer to waive or renounce our claim for damages growing out of your breach, in consideration of your hereafter promptly delivering to us the lumber." It will thus be seen that the letter, in and of itself, was nothing more than an offer; and that it needed a consideration, to make it binding. The consideration contemplated was the subsequent prompt delivery of the lumber by the plaintiff. The plaintiff was not legally bound to deliver the lumber at any other time than that mentioned in the original contract; and his delivery of the same at a subsequent time would be a good consideration for the defendants' offer to renounce the claim for damages, and would have the effect of enlarging the time within which the lumber could be delivered. Stryker *v.* Vanderbilt, 25 N. J. L. (1 Dutcher) 482 (2); Teal *v.* Bilby, 123 U. S. 572 (8 Sup. Ct. 239, 31 L. ed. 263); Thornhill *v.* Neats, 8 C. B. N. S. 831 (98 Eng. C. L. 539); Pinckney *v.* Dambmann, 72 Md. 173 (19 Atl. 450); Mfg. Co. *v.* U. S., 17 Wall. 592 (21 U. S. (L. ed.) 715); Cornish *v.* Suydam, 99 Ala. 620 (13 So. 118). The learned trial judge, however, held that the letter itself was a complete waiver. In doing so he overlooked the fact that it was expressly

conditioned as above indicated, and that until the condition had been complied with, it was a nudum pactum. Bennett *v.* Hyde, 92 Cal. 134 (28 Pac. 104); *McCarter* v. *Turner,* 49 *Ga.* 311; *Fowler* v. *Coker,* 107 *Ga.* 820 (35 S. E. 661).. The defendants contend that the plaintiff did not comply with its offer and did not deliver the lumber promptly thereafter. This letter was written on August 19; the final instalment of the lumber was not shipped until some time in November or December. Whether or not this was a compliance with the condition upon which the defendants made their offer to waive is, under the evidence in the case, a question for the jury, to be determined by them in the light of all the surrounding circumstances and the exigencies of the contracting parties. *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co., 3 Ga. App.* 212 (2), (59 S. E. 713); 9 Cyc. 611. Under some circumstances it might be called a prompt delivery, and under others it would not. In view of the evidence in the record, reasonable men might draw different inferences as to whether the deliveries made after the letter of August 19 were prompt or not. It was therefore a question for the jury, and not for the judge; and he erred in directing a verdict for the plaintiff.

But counsel for the plaintiff argues that the mere acceptance of the property, under the circumstances, was a waiver, whether the deliveries were promptly made or not; and he cites cases wherein it was held that the forfeiture of an insurance policy was waived by an acceptance of the overdue premium, and cases where, by accepting overdue rent, a landlord was held to have waived the clause in the lease as to forfeiture. That such a principle is not applicable to an ordinary contract for the sale of personal property is not now an open question in this State. *Van Winkle* v. *Wilkins,* 81 *Ga.* 94 (7), 104 (7 S. E. 644, 12 Am. St. R. 299). In that case Judge Bleckley says: "It was urged in argument that receiving the machinery was a waiver both of its defects and of damages resulting from its non-delivery in due time. Why so? After expensive preparation to have and use a mill, it was probably much better to have one of inferior quality than none at all. . . As to the damages resulting from delay, these had already been sustained when the mill was received; its reception, in so far as it affected them at all, could only hinder more from accruing; it certainly could not increase them. There was no inconsistency

between reception of the machinery and retention of the claim for damages on account of delay to furnish it by the time stipulated. To hold that there was a waiver by implication would be very unreasonable." See also *Poland Paper Co.* v. *Foote & Davies Co.,* 118 *Ga.* 458; *Sneed* v. *Wiggins,* 3 *Ga.* 94, 103; Underwood *v.* Wolf, 131 Ill. 425 (9), 442 (23 N. E. 598, 19 Am. St. R. 40); 2 Mechem on Sales, §1389; Dermott *v.* Jones, 23 How. 220 (16 U. S. (L. ed.) 442). In Perry Tie Co. *v.* Reynolds, 100 Va. 264 (40 S. E. 919), the vendees of lumber, as in this case, accepted it after the time for delivery had gone by, and the vendors claimed that such acceptance was a waiver of damages for non-delivery within the time limited. The court, however, held: "The acceptance by a vendee of a late delivery will not be deemed a waiver of the consequent damages sustained by him, where it appears that there was no intention to waive such damages." The only intention to waive damages, appearing in the case at bar, is the letter of August 19; and the intention there expressed was limited by a condition to be performed by the vendors. The waiver should be carried no further than the intention. See Phillips & Colby Construction Co. *v.* Seymour, 91 U. S. 646, 651 (23 L. ed. 341). It would do violence to the plain and unequivocal intention of the defendants, as expressed in their letters and as shown by their prior and subsequent conduct, to hold that they had made an absolute waiver of damages, merely by accepting the lumber, unless the acceptance was within a reasonable time after the letter of August 19 was written.                *Judgment reversed.*