## 4649.   SCHUMER *v.* REGISTER *et al.*

1. The allegations in the first count of the petition were insufficient to show a cause of action against the owner of the automobile for the negligent operation of the machine by her codefendant, the driver. As to the owner the general demurrer to this count was properly sustained.

2. Where a petition containing two counts is brought against two defendants, and a general demurrer to the first count is sustained as to one of the defendants and overruled as to the other defendant, and the second count is held to be good as to both defendants, there results a mis-

joinder of causes of action and of parties, and, on refusal of the plaintiff to amend so as to meet this objection, it is proper to dismiss the petition. In view of the fact, however, that the second count of the petition in this case sets forth a cause of action against both defendants as joint tort-feasors, the judgment dismissing the petition is reversed in part, and direction given that the second count be reinstated and the plaintiff be allowed to submit evidence applicable to that count.

DECIDED JUNE 10, 1913.

Action for damages; from city court of Savannah—Judge Davis Freeman. November 30, 1912.

*Morris H. Bernstein, Charles D. Russell,* for plaintiff.

*Travis & Travis,* for defendant.

HILL, C. J. A suit to recover damages for personal injuries was brought against Mrs. M. E. Register and H. M. Sledge Jr. The petition contained two counts. In the first count it was alleged, that Mrs. Register is a widow, having the exclusive control and custody of Miss Tillie Register, her minor unmarried daughter; that Mrs. Register is the owner of a certain automobile, and that Miss Tillie Register was riding in said automobile, having authority and command over the movements thereof, and it was being driven by H. M. Sledge Jr., when it negligently ran down and collided with and injured the plaintiff in the manner described in the petition. In the second count it was alleged that the defendant Mrs. M. E. Register was the owner of an automobile therein described, and that H. M. Sledge Jr. employed and acting as driver and chauffeur of the automobile for and on behalf of Mrs. Register, and, in such capacity, was her agent, and that while so acting as chauffeur and driver, with the said automobile he ran down and collided with the plaintiff, causing the injuries described in the petition. The defendants demurred generally and specially to the petition, and the trial judge sustained the general demurrer to the first count, so far as it related to Mrs. Register, and overruled it as to the other defendant, and also sustained several of the special grounds of the demurrer. The general demurrer and all the special grounds except two were overruled as to the second count. One of these special grounds was met by an amendment which was allowed. The paragraph of the second count to which the special demurrer was sustained is immaterial as affecting the cause of action set forth in the count as a whole. The plaintiff offered to amend the first count by adding the allegation "that said automobile was kept for the comfort and pleasure of the family,

who were authorized to use it any time for such pleasure." Exception is taken to the refusal to allow this amendment. The order containing the various rulings on the demurrer concluded as follows: "As petition stands, case can not proceed as to this defendant with first count in. If first count is stricken, the case, if amended, will be good against both defendants; and so, also, if this defendant is eliminated from the second count and first count retained, case, if amended, will be good against H. M. Sledge Jr. Amendments as to essentials indicated to be made by October 21, 1912, or case will stand dismissed as of that date." The amendments were not made as indicated and the petition was dismissed in pursuance of this order; and to this judgment the plaintiff excepts.

We gather from the different rulings on the demurrer that the petition was dismissed because, no cause of action being stated against Mrs. Register in the first count, and this count not being stricken from the petition to meet the order of the judge, and the demurrer as to the second count being overruled and Mrs. Register not being eliminated from the second count, a misjoinder of causes of action and of parties resulted.

1. The general demurrer to the first count of the petition, as to Mrs. Register, was properly sustained. No allegation thereof connected her with the alleged injuries caused by the running of the automobile by the other defendant, Sledge, and there was no allegation showing any legal liability against her for the negligence of Sledge, the fair inference from the allegation being that Sledge was running the automobile at the instance of Miss Tillie Register, the minor daughter of Mrs. Register. There was no allegation in this count that Miss Tillie Register, the daughter, or Sledge, the driver of the automobile, sustained any relation to Mrs. Register in the running of the automobile, at the time the injuries were received, that would render Mrs. Register responsible for their negligence. It is conceded by counsel for the plaintiff that the first count was defective, but it is insisted that the amendment offered by the plaintiff which was disallowed would have shown a cause of action against Mrs. Register in the first count, and, therefore, that the court erred in not allowing it. Even if the amendment had been allowed, in our opinion the first count would have shown no cause of action against Mrs. Register. This amendment attempted

to hold Mrs. Register responsible because she, as the owner of the automobile, kept it for the comfort and pleasure of her family, including Miss Tillie Register, who was authorized to use it at any time for such purpose. If Miss Tillie Register had been driving the automobile herself at the time of the collision, Mrs. Register, under several decisions cited by learned counsel for the plaintiff, would have been liable for the negligence of her minor daughter; this on the theory that the automobile was kept by Mrs. Register (who was a widow) for the pleasure and convenience of her family, and that at the time of the collision her minor daughter was carrying out the general purpose for which the machine was kept, and was engaged in the execution of her mother's business, in supplying recreation and pleasure to herself as a member of her mother's family. This seems to be in accord with the view of the Court of Appeals of Kentucky in the case of Stowe *v.* Morris, 147 Ky. 386 (44 S. W. 52, 39 L. R. A. (N. S.) 224). In the case of Daily *v.* Maxwell, 152 Mo. App. 415 (133 S. W. 351), the owner of the automobile had given his consent for his young son to take some of his young friends automobile riding. It was the boy's party and the father had nothing to do with it, except to give his consent to the use of the car for the pleasure of his son and his son's friends. The court said: "The evidence discloses that the machine was devoted to the use of the family of which Ernest (the son and driver) was a member. It was a pleasure vehicle, and when used for the pleasure of one of the minor children of the owner, how can it be said that it was not being used on business of the owner? It is the practice of parents to provide their children healthful and innocent amusements and recreations; and certainly it is as much the business of parentage to supervise and control the pleasures of their children as it is to give them nurture and education." These decisions seem to be based upon the theory that the minor child was driving the machine when the accident occurred; none of them go to the extent of holding that a parent would be liable for the result of an accident caused by the negligence of a driver who had been selected to drive the machine, not by the parent but by the minor child.

We think, however, under the statute of this State and the construction given to it by the Supreme Court, relative to the liability of parents for the torts of minor children, that a parent would not

be responsible for a tort of a minor child, if the tort was committed when the child was engaged merely in pleasure and not in the business of the parent. In other words, the liability of a parent for the tort of a minor child, under the law of this State, is analogous to · the liability of a master for the tort of a servant while employed in the master's business and in the scope of his employment. The Civil Code (1910), '§ 4413, provides: "Every person shall be liable for torts committed by his wife, and for torts committed by his child, or servant, by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." In construing this section of the code, in the case of *Chastain* v. *Johns*, 120 *Ga.* 977 (48 S. E. 343, 66 L. R. A. 958), the Supreme Court holds that "the liability of a parent for the torts of his child, like his liability for those of his servant, arises only when the commission of the tort was 'by his command or in the prosecution and within the scope of his business.'" "The general rule is that a parent is not liable in damages for the torts of his minor child, even though the child lives with the parent and is under his control, when such acts were done without his authority, knowledge, or consent, had no connection with his business, were not ratified by him, and were of no benefit to him; or, as has been more briefly stated, a parent is never liable for the wrongful acts of his minor child, unless such acts were performed with the parent's consent or in connection with the parent's business. Where, however, the tort complained of was committed while the child was engaged in the parent's service, within the scope of his employment, or where the circumstances show that it was done with the parent's knowledge and by his authority, or with his consent, he is liable." 21 Am. & Eng. Enc. L. (2d ed.) 1057, and citations. See, also, *Vaughan* v. *McDaniel*, 73 *Ga.* 98; *Lockett* v. *Pittman*, 72 *Ga.* 817. It seems, from these decisions, that the rule of the parent's liability for the torts · of a minor child is put exactly upon the same basis as that of the liability of a master for the act of a servant. Under this rule, we do not think it can reasonably be held that the fact that a father should provide and has provided for the pleasure of his minor child makes him responsible for a tort of the child committed merely in the pursuit of pleasure. To render the father liable, the tort must have been committed by the minor while actually engaged in the father's business, or with the knowledge, authority,

and consent of the father, or must have been ratified by him. *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618).

We conclude, therefore, that even if the amendment had been allowed, the first count in the petition would have set forth no cause of action against Mrs. Register; for the allegations would simply show that the widowed mother had provided an automobile for the pleasure of her minor daughter, and that the tort was not actually committed by the minor child, but was committed by Sledge, the driver of the automobile, who, in so far as the first count is concerned, held no relation to the mother, but was driving the automobile under the direction and control of the minor daughter. Of course, the count was good as against Sledge, for it was his individual tort that caused the injury, and minors are liable for torts committed by them; so we think the ruling of the trial judge as to the first count was clearly correct.

2. The judgment overruling the demurrer to the second count as to both defendants was also correct. The allegations of this count showed very clearly a case of liability against Mrs. Register, as the owner of the automobile, because it was being driven by Sledge as her servant and agent at the time of the injury, in the performance of his business as driver and servant, and in pursuance of his agency. But the failure of the plaintiff to conform to the order of the learned trial judge and strike from the petition the first count, or eliminate from the second count of the petition Mrs. Register, so as to make the counts in harmony, both as to parties and cause of action, left the petition subject to the criticism that there was in the two counts a misjoinder of the parties and causes of action, the first count setting up a cause of action against Sledge alone, and the second count setting up a cause of action against Mrs. Register and Sledge; and the jury trying the issue made by these two counts would at the same time have been trying a cause of action against Sledge in both counts, and a cause of action against Mrs. Register alone in one count. This confusion of pleading is not permissible, and the final order dismissing the petition because of a failure of the plaintiff to meet the ruling of the court as to the situation thus presented was the only legal action that could properly have been taken. We think, however, that the plaintiff should be allowed to have the cause of action stated in the second count against both defendants submitted to a jury; for

this count sets forth a good cause of action against both, under the ruling of the trial judge on the general demurrer, and the material ground of the special demurrer sustained was met by an amendment. We have, therefore, concluded that a proper disposition of the case will be to affirm the judgment, with direction that the first count of the petition be stricken, but that the second count be reinstated, and that the plaintiff be allowed to submit proof in support of the allegations of the petition, as set out in the second count.

*Judgment affirmed, with direction.*