## 5815.   HARRIS v. JONES.

RUSSELL, C. J.   1.   Under the decision of this court in *Schumer* v. *Register*, 12 *Ga. App.* 743, 746, 747 (78 S. E. 731), a parent is not responsible for the tort of a minor child, if the tort is committed when the child is engaged merely in pleasure and not in the business of the parent. The liability of a parent for the tort of a minor child, under the law of this State, is analogous to the liability of a master for the tort of a servant while employed in the master's business and in the scope of his employment.   Applying the rule of law applicable to the liability of a person for the acts of his servant to the allegations in the present case, and considering such allegations in the light of the holding in *Schumer* v. *Register*, supra, as well as of the decision of the Supreme Court in *Fielder* v. *Davison*, 139 *Ga.* 509 (77 S. E. 618), the petition did not set forth a cause of action, and the court erred in overruling the demurrer.

*Judgment reversed.   Broyles, J., dissents.*

DECIDED SEPTEMBER 25, 1915

Action for damages; from city court of Houston county—Judge Riley.   May 18, 1914.

Jones sued Henry Harris for damages on account of injuries alleged to have been caused by the negligence of the defendant's son in driving the defendant's automobile.   The petition alleged, that the machine was being driven "wilfully, deliberately, negligently, and with gross disregard of the safety of  .  . petitioner, and absolutely in violation of all lawful requirements, at the time of said collision, by Henry Harris Jr. (the son of defendant, said Henry Harris Sr.), who is a minor, being just sixteen years of age;" that "the said defendant, father of said Henry Harris Jr., was fully cognizant of the use of his automobile by his said son, and the use of his said car by his said son was with his full knowledge and consent;" that "the said Henry Harris Jr. notoriously operated and ran said car without ordinary prudence, and that his father knew of the want of care on the part of his said son in the use of said car, and the said defendant negligently permitted his said son to continue to operate said car upon the public highways."   By amendment the following allegations were made: "Petitioner shows that the said Henry Harris was the owner of the said automobile at the time of the injury of this defendant by reason of the collision of said automobile and the buggy in which petitioner was riding, and that the defendant, at the time of said injury and long prior thereto, kept said automobile for the pleasure and convenience of his family, one member of whom was

Henry Harris Jr.; that at the time of the collision said Henry Harris Jr. was carrying out the general purpose for which the machine was kept, and was engaged in the execution of his father's business, to wit, that of supplying recreation and pleasure to himself as a member of his father's family. Petitioner further shows that with the knowledge and consent of the said Henry Harris, said Henry Harris Jr. was operating the said automobile at the time of said collision, and that the said Henry Harris permitted and authorized his son Henry Harris Jr. to operate said machine; that Henry Harris Jr. was a reckless and dangerous driver, and that the said Henry Harris knew his son was such dangerous and reckless driver, but, notwithstanding such knowledge, the said Henry Harris permitted and authorized his son to drive said automobile at the time of said collision and on divers previous occasions. Petitioner alleges that the authority and permission granted to the said Henry Harris Jr. by his father to drive his said automobile, notwithstanding the knowledge on the part of Henry Harris that his son drove in a reckless manner, was negligence on the part of said Henry Harris."

The demurrer was on the grounds that the petition does not set forth a cause of action, and that it is not averred that the alleged tort was committed by the defendant's command, or in the prosecution and within the scope of his business.

*L. L. Brown,* for plaintiff in error.

*Hatcher & Smith,* contra.