16344.  PALMER, PHINIZY & CONNELL v. HEINZERLING.

JENKINS, P. J.  1. "Whether or not the owner of an automobile is liable for damage caused by it which results from the negligence of the person operating it depends upon whether the person driving it was the agent or servant of the owner, and engaged upon the business of the owner *at the time the negligence occurred.* If he was such agent and engaged upon such business, the owner is responsible for injuries to persons or property caused by his negligence in operating the automobile. Aliter if he was not such agent and was not·engaged upon such business." *Rape* v. *Barker*, 25 *Ga. App.* 362 (103 S. E. 171).

2. The Civil Code (1910), § 4268 (8), provides that "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Accordingly, where, under the terms of a special contract of specific employment, the agency was established in order that the agent or servant might take the car to a certain place for the purpose of sale, provided that if he failed to sell it, he would have it back that night before the employer's garage was closed, time was of the very essence of the conditional employment; and the servant's authority and the master's liability were limited accordingly. *Emery* v. *Atlanta Real Estate Exchange*, 88 *Ga.* 321, 326 (14 S. E. 556); *Morris* v. *Jackson*, 9 *Ga. App.* 848, 850 (72 S. E. 444); *Gude* v. *Bailey*, 4 *Ga. App.* 226 (2) (61 S. E. 135). Such erstwhile master is not liable in damages to a third person for the negligence of the erstwhile servant committed while returning the car two days after the contract of employment expired by its own limitation. Under the circumstances stated, such voluntary and unauthorized retention of the car upon the expiration of the term of employment amounted to a conversion; and while it was incumbent upon the tort-feasor to return the car to its owner (see *Cannon* v. Goodyear Tire &c. Co., 60 Utah 346, 208 Pac.

519; Cronecker v. Hall, 92 N. J. Law, 450, 105 Atl. 213), in making such restoration he was acting for himself in the performance of a duty imposed by law, and not under a duty emanating from the terminated contract of agency.

3. The case is not one involving the question of a deviation or departure from the business of the master, but is one controlled by the effect of the absolute termination of the servant's authority under the express terms of his limited and conditional employment. It is a general rule that the master is not liable for the acts of his servant while the servant is stepping aside from the duties of his employment, but is liable if the servant, after stepping aside, has resumed and is again engaged in the conduct of the master's business. Here, the servant having been engaged to do a particular thing, on condition that it be performed within a particular time, upon his employment becoming terminated no resumption was possible; and it would have taken the consent of both parties to effect a renewal of the relationship. See note in 22 Am. Law. Rep. 1404, 1409; Gude v. Bailey, 4 Ga. App. 226 (2) (61 S. E. 135).

4. Time being of the essence, and being stated as a condition upon which the contract was entered into, and the evidence showing that the contract had been terminated by its own limitation, a verdict for the defendant was demanded.

Judgment reversed. Stephens and Bell, JJ., concur.

DECIDED NOVEMBER 16, 1925.

Damages; from Richmond superior court—Judge A. L. Franklin. February 28, 1925.

This was a suit to recover for damage to the person and property of the plaintiff, resulting from the collision of an automobile, driven by an alleged servant of the defendants, with the plaintiff's automobile on October 18, 1923, about 5:30 p. m., on a public highway between Aiken and Williston, both in South Carolina. In this collision the alleged servant was killed. The defendants demurred, generally and specially; the demurrer was overruled, and exceptions pendente lite were filed. The trial of the case resulted in a verdict for the plaintiff, of $2,500. It appeared, from undisputed evidence, that Hill, the alleged servant of the defendants at the time and place of the injury, had not previously been in their employment, but came to the defendants, at their place of business in Augusta, Georgia, on the morning of October 16, 1923, and negotiated with them concerning the taking into South Carolina of the car which he was driving at the time of the collision, to sell it to a certain "prospect" of his. A member of the defendant firm testified, without contradiction, that it was agreed that Hill was to take the car upon the following terms and conditions:

35

"I said he could take this Lexington car over there and try to sell it, provided he would have it back that night before we closed if he didn't sell it. He said he would do that. He was to have all over $175 he could sell it for. He then took the car." There was no dispute that after Hill had taken the car under these terms and conditions, he overstayed his time in South Carolina about two days, and that during that time the defendants endeavored, without success, to ascertain his whereabouts; that he was guilty of the negligence charged, and that the plaintiff was injured as set forth. There was evidence for the plaintiff to the effect that on the day preceding the accident Hill made efforts to sell the car to another "prospect." There was no dispute that on his belated return to Augusta he was following the direct route. The sole question in the case is as to whether the relationship of master and servant between the defendant and Hill terminated before the collision.

*Callaway & Howard,* for plaintiffs in error.

*Pierce Brothers, William H. Fleming,* contra.