### 22822.   SAMPLES *v.* SHAW *et al.*

DECIDED AUGUST 12, 1933.

*Hay & Gainey, C. A. Christian,* for plaintiff.
*R. D. Smith,* for defendants.

JENKINS, P. J.   1.   "Whether or not the owner of an automobile is liable for damage caused by it which results from the negligence of the person operating it depends upon whether the

person driving it was the agent or servant of the owner, and engaged upon the business of the owner at the time the negligence occurred." *Rape* v. *Barker*, 25 *Ga. App.* 362 (103 S. E. 171); *Fielder* v. *Davison*, 139 *Ga.* 509 (77 S. E. 618); *Palmer* v. *Heinzerling*, 34 *Ga. App.* 544 (130 S. E. 537); *LaFille* v. *Schunamann*, 19 *Ga. App.* 799 (92 S. E. 295); Civil Code (1910), § 4413.

2. Such agency may exist where the owner keeps an automobile as a "family car," for the comfort, convenience, pleasure, and use of members of his family; and he may in such a case be liable for the negligence of one of his family, who is thus considered as driving the car "upon the business of the owner." *Griffin* v. *Russell*, 144 *Ga.* 275, 279-287 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994); *Espy* v. *Ash*, 42 *Ga. App.* 487 (156 S. E. 474). See *Lacey* v. *Forehand*, 27 *Ga. App.* 344 (108 S. E. 247); *Harris* v. *Jones*, 17 *Ga. App.* 215 (87 S. E. 713), the latter case, holding a parent not responsible for acts of his minor child when driving merely for pleasure, probably in effect overruled by the decision in the *Griffin* case, supra.

3. Unless a primary agent, expressly or impliedly authorized by the principal as owner of an automobile to drive it on the business of the owner, is himself expressly or impliedly authorized to appoint a subagent for that purpose, the owner will not be liable for the negligence of the latter. 2 C. J. 855 (§ 539). Thus, in *White* v. *Levi*, 137 *Ga.* 269, 270 (73 S. E. 376), where a master sent a servant to bring an automobile to his place of business, and "the servant so sent procured another to take the machine to its destination in his stead, the master was not liable for the negligence of such person, unless the servant had authority, express or implied, to employ him, or unless the employment was ratified." See also *Atlanta & West Point R. Co.* v. *West*, 121 *Ga.* 641 (49 S. E. 711) (67 L. R. A. 701, 104 Am. St. R. 179); *Schumer* v. *Register*, 12 *Ga. App.* 743, 746 (78 S. E. 731); *Western & Atlantic R. Co.* v. *Jackson*, 21 *Ga. App.* 50 (93 S. E. 547).

4. The wife is without general implied authority to act as agent for her husband, save as to necessaries, under the statutory provisions; and "proof of such authority must be made as in other cases." Civil Code (1910), § 2998; *Thompson* v. *Brown*, 121 *Ga.* 814 (49 S. E. 740); *Connerat* v. *Goldsmith*, 6 *Ga.* 14; 30 C. J. 613, 614.

5. In the instant joint suit against the driver and the owner of an automobile for the homicide of the plaintiff's son by alleged negligence of the driver, the trial judge granted a nonsuit upon the ground, as to the owner, that the evidence showed no relationship of master and servant between the driver and the owner, and, as to the driver, that he was a resident of another county and a verdict against him would be unauthorized if no verdict and judgment could be had against the resident owner. The evidence showed that the driver, a nephew of the owner, who was a doctor, came to the owner's home on the Friday preceding the Monday on which the homicide occurred; that on the Sunday night before, the owner instructed his 17-year minor son to carry a truck out to a farm early the next morning, telling him that he (the owner) or his oldest daughter would drive the car out to bring the son back; that the owner's wife heard these instructions to the son, and after her husband came in from a professional call at about 4 o'clock a. m., and instructed her that he was not to be awakened, and after the son had gone later to the farm, she instructed the nephew to go out in the automobile for the son, so as to bring him home in time for school; and that the driver was on this trip with the son when the injury occurred. There was evidence that the car had been seen driven on many different occasions by the owner, his son, and his oldest daughter, but no evidence that the nephew was a member of the owner's family and entitled to drive the car, with the express or implied consent of the owner. The owner testified that he did not send the driver out on the trip; "had not instructed any one to send him for me—I only told my son that I would go or would send his sister for him;" that the owner "did not keep the car for family use," and "no one ever took it except by express permission or instruction." Under the evidence, the "family-car" rule was not applicable, so as to charge the owner with liability for the negligence of his nephew, in the absence of testimony that the nephew was a member of the owner's family and thus entitled to drive the car by the implied consent of the owner. The wife, under the foregoing rules, not being the agent of the husband and not being authorized by him to designate his nephew to drive the car, but acting contrary to his instructions that either he or his daughter would drive the car at the time in question, the testimony did not authorize a verdict for the plaintiff, and the court did not err in directing a verdict for the defendant owner.

6. The record showing that the defendant driver of the automobile was a nonresident of the county, and that the resident codefendant owner was not liable, no valid judgment could have been rendered against the nonresident defendant, for want of jurisdiction. *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775); *Rounsaville* v. *McGinnis,* 93 *Ga.* 579 (3) (21 S. E. 123); *Hamilton* v. *DuPre,* 111 *Ga.* 819 (2) (35 S. E. 684). There was no error, therefore, in granting the nonsuit as to the nonresident defendant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*