34671. GAMBLE *v.* HOGAN, *et al.*

DECIDED JUNE 18, 1953.

*Rupert A. Brown,* for plaintiff in error.

*Carlisle Cobb,* contra.

TOWNSEND, J. ■ The court charged the jury in part as follows: "If you find the plaintiff is not entitled to recover, or if

you find they have not sustained their case by the burden of proof, as I have outlined, then you would find in favor of the defendant. In that case the form of your verdict would be, 'We, the jury, find for the defendant.'" It is contended by the special grounds of the amended motion for new trial that the court erred in failing to charge without request that, if the plaintiff, after an alleged breach, accepted from the defendant an extension of cutting time, such acceptance would constitute a waiver of any breach as to timber which had been cut but not removed from the premises, and as to any timber left standing, so as to preclude the plaintiff from recovering for such items of damage; and it is further contended that the charge as given, in the absence of an instruction on the subject of waiver, removed from the jury's consideration a substantial defense raised by the pleadings and evidence.

Neither the pleadings nor the evidence in this case raise the issue, as contended by these special grounds, that the defendant's extension of time for cutting timber constituted a waiver of damages by the plaintiffs as a matter of law. To constitute such a waiver, it would necessarily have to appear that such was the intention of the parties and the consideration for the extension of time, or else that the plaintiffs received some benefit, or the defendant suffered some injury as a result of the extension of time. Waiver is a voluntary relinquishment of some known right, benefit, or advantage, which, except for such waiver, the party would otherwise have enjoyed. *Kennedy* v. *Manry*, 6 *Ga. App.* 816, 819 (66 S. E. 29). The defendant testified, as to the agreement: "I gave Mr. Hogan an extension after we had been dickering about a year, nobody had cruised the timber or looked at it at that time to my knowledge, and I just gave him an extension of time to where we could get together on some sort of settlement." B. A. Hogan testified: "It run along for a year or two and the contract was about to run out, and I got in touch with Mr. Gamble and told him my contract was about to run out, and I was going to have to take legal action before the contract runs out, and he said, 'Allen, I am in tough luck, what about you giving me an extension on the contract and give me time to get up the money,' and I gave him an extension on the contract." He further testified that, relying on Gamble's

promise to pay him, he did not consider taking the remaining timber which Stanley had cut; that such timber would become wormy and unusable in two or three months lying on the ground; that the timber left standing was not sufficient to justify putting in another sawmill. The undisputed evidence, therefore, demands a finding that the extension of time was not given in lieu of damages, even conditionally, as in the case of *Gude & Walker* v. *Bailey Co.*, 4 *Ga. App.* 226 (2) (61 S. E. 135), but, rather, was given as a device to afford the parties time to work out the settlement. A mere extension of time is not a waiver of known defects where it is done under a promise that the defects will be remedied. *Gullett Gin Co.* v. *Seagraves*, 49 *Ga. App.* 850, 856 (3) (176 S. E. 922). Payment of the full amount under a contract is not a waiver of known defects where done under an agreement to reimburse the buyer pro rata. *Alpharetta Feed &c. Co.* v. *Cocke*, 82 *Ga. App.* 718 (62 S. E. 2d 642). Acceptance of property under a contract with knowledge of defects does not constitute a waiver where it is done on the understanding that the defects will be remedied. *Kendrick* v. *White*, 75 *Ga. App.* 307 (1) (43 S. E. 2d 285). Likewise, the extension of time here for the purpose of settlement did not constitute a waiver of the breach, or a part thereof, by implication, where such waiver was not the consideration for the extension, and where the extension resulted in no benefit to the plaintiffs or detriment to the defendant. This being so, the court did not err in failing to charge on this subject in the absence of request. The charge as given was without error. These special grounds are without merit.

■ As to the general grounds of the motion for a new trial, it is contended that the verdict of $1,000 was grossly excessive, and that a verdict in this amount was without evidence to support it. In this regard, under one phase of the evidence the plaintiffs had only cut approximately half of the timber which they estimated the land would produce, and that left standing after Stanley had recut the area did not justify putting in another sawmill, from which the jury might have inferred that the plaintiffs were damaged in the amount of approximately half of their consideration for the lease, which was $2,250. Under another phase of the evidence, the top value assigned

by the testimony for wood of this character was $18 per thousand feet, and one of the plaintiffs testified that he had examined the timber and estimated from stumps that Stanley had cut approximately 50,000 feet, or a total of $900. Under still another phase of the evidence, the jury could have found that the plaintiffs and defendant had agreed on the sum of $1,000 as liquidated damages for the breach, and that the defendant had promised to pay this sum but had failed to do so, which evidence would be material as to the actual damage sustained within the contemplation of the parties. The verdict was not excessive, and, the breach of contract being admitted, was authorized by the evidence.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*