38097. KIRKLAND *et al. v.* ELLZEY.
38098. KIRKLAND *et al. v.* ELLZEY, by Next Friend.

TOWNSEND, Judge. A petition seeking damages for personal injuries suffered in an automobile collision, against the owner, the owner's son, and the driver of the automobile allegedly inflicting the injuries, which petition sets out that the defend-

ant owner furnished the automobile to his son for the latter's comfort and pleasure; that at the time of the collision it was being operated by another under the control, dominion, authority and direction of the son who was riding in it; that the son gave the driver instructions as to where to drive, and maintained and exercised control and dominion over its operation the same as if he were himself driving, is sufficient to state a cause of action against the owner of the vehicle, the negligence of the driver being set forth elsewhere in the petition. *Golden* v. *Medford,* 189 *Ga.* 614 (7 S. E. 2d 236) ; *Cohen* v. *Whiteman,* 75 *Ga. App.* 286 (43 S. E. 2d 184). A contrary conclusion reached in *Schumer* v. *Register,* 12 *Ga. App.* 743 (78 S. E. 731) was critized in *Griffin* v. *Russell,* 144 *Ga.* 275, 287 (87 S. E. 10, L. R. A. 1916 F 216, Ann. Cas. 1917 D 994) wherein the court stated that "we can not concur with our brethren of the Court of Appeals in the views which they seem to have taken of the decisions cited." In *Carter* v. *Bishop,* 209 *Ga.* 919 (76 S. E. 2d 784) cited by the plaintiffs in error, the employee allowed another to drive the truck in direct contravention of the employer's instructions. In *Mason* v. *Powell,* 92 *Ga. App.* 496 (88 S. E. 2d 734) the son was not in the automobile or exercising any dominion or control over it at the time of the collision but had merely lent it to another. In *Samples* v. *Shaw,* 47 *Ga. App.* 337 (170 S. E. 389) it was held merely that the family-car doctrine was not applicable for the reason that the owner allowed no one to take the car without his express permission or instruction and for the further reason that the nephew was not in any event a member of the family.

It was not error for the trial court to overrule the general demurrers to the petitions based on the contention that the owner was not liable for the act of one driving the automobile under the authority and control of his son, to whom it had been furnished under the family-purpose doctrine. The remaining assignments of error, not being insisted on, are treated as abandoned.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 28, 1960.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Lewis, Wylly & Javetz,* for plaintiffs in error.

*R. L. Crawford, John R. Calhoun,* contra.