38921. THORNTON, Guardian v. STEWART.

Decided June 20, 1961.

*B. B. Hayes,* for plaintiff in error.

*Carl K. Nelson, Jr., Nelson & Nelson,* contra.

CARLISLE, Presiding Judge. Mrs. Lamar Thornton, as guardian for Lamar Thornton, brought an action for damages against Elmer Stewart, J. W. Webb and Kenneth A. Couey. She alleged that Webb was the owner and operator of a Pontiac automobile and Stewart, the operator, and Couey, the owner of a Chevrolet automobile; that both vehicles, on the occasion of the injury suffered by Thornton, were stopped abreast of each other on a public highway at nighttime with no lights showing, preparatory to commencing a drag race; that Thornton, driving his automobile along the road at a reasonable and prudent speed, came upon the stopped automobiles, and, finding his way blocked, turned his car suddenly to one side and into the ditch, sustaining enumerated injuries which left him permanently disabled. It was alleged that Stewart, in operating the Chevrolet, was doing so for the benefit of the defendant Couey and with his permission, and that Couey was guilty of Stewart's negligence under the provisions of *Code Ann.* § 68-301. Stewart was alleged to have been negligent in enumerated particulars which proximately contributed to the injuries to Thornton.

Couey, alone, appeared and filed defensive pleadings, including general and special demurrers. The trial court overruled all demurrers except those seeking amplification of the plaintiff's allegation respecting the agency of Stewart. Thereupon, the plaintiff amended her petition and alleged that Couey was trying to sell the automobile to Stewart, and that Stewart requested permission to keep and try the automobile out, which request Couey granted; that Stewart was a dangerous and reckless driver of automobiles and had a reputation for speeding and driving automobiles at an excessive, illegal and dangerous rate of speed; that this reputation was known to the defendant Couey, or with an exercise of ordinary care and diligence should have been known to him. The defendant Couey renewed his demurrers and demurred to the amendment on numerous general and special grounds. In the final order ex-

cepted to, the trial judge recited that he considered a motion in the nature of a general demurrer to the amendment and disallowed the amendment on the ground that it set forth no cause of action and was inconsistent with the facts pleaded in the original petition. Thereafter the court struck from the original petition the allegations to which special demurrers had previously been sustained and entered a final judgment sustaining the general demurrer "to the petition as amended." This order is the judgment on which error is assigned in the writ of error.

■ Counsel for the defendant in error moves to dismiss the writ of error on three grounds: first, that no party defendant in error is properly named or served; secondly, that there is no sufficient assignment of error; and, finally, that if there is any assignment of error, it is solely upon the overruling of the general demurrer, which question is moot. These grounds are not meritorious. The bill of exceptions in the body thereof names only Elmer Stewart as defendant in error. The assignment of error is on the judgment sustaining the general demurrer of and dismissing as to Kenneth A. Couey. Service of the bill of exceptions and of the writ of error was acknowledged by the firm of Nelson & Nelson as "Attorneys for defendant in error, Kenneth A. Couey." It appears that the defendants, Stewart and Webb, who with Couey were named in the original petition, were in default, no defensive pleadings having been filed by them, and, consequently, there being no counsel of record for them. Webb and Stewart are not essential parties to the proceedings in this court. *Moore v. Harrison*, 202 Ga. 814, 816 (1) (44 SE2d 551). If they were essential parties, the writ of error still would not be subject to dismissal, but this court would be required under the provisions of Section 1 of the act approved March 7, 1957 (Ga. L. 1957, pp. 224, 228) amending *Code* § 6-1202 to require by proper order that they be served with a copy of the bill of exceptions and afforded time within which to prepare, file and serve briefs. However, it is apparent from the face of the bill of exceptions that the defendant Couey is the sole party interested in sustaining the judgment of the trial court, and since this is apparent from the face of the

bill of exceptions and since his attorney of record has been served, the writ of error is not subject to dismissal for want of necessary parties.

The bill of exceptions recites the filing of the petition, the appearance and filing of demurrers by defendant Couey, the entry of order sustaining certain grounds of special demurrer with leave to amend, the filing of an amendment, the renewal of the demurrers, and the entry of an order which is quoted in the bill of exceptions and which struck the amendment filed by the plaintiff, sustained the general demurrer "to the petition as amended," and dismissed the action as to the defendant Couey. After the quoted order is the assignment of error in the following language: "To the above order of the court the plaintiff . . . did then and there except and now excepts and assigns error thereon as being erroneous and contrary to law; and says that the court erred in sustaining the general demurrer of the defendant Kenneth A. Couey to the petition as amended on the grounds that the petition as amended failed to set forth a cause of action against the defendant Kenneth A. Couey." This is clearly a sufficient assignment of error. *Melson v. Thornton,* 113 Ga. 99 (2) (38 SE 342); *Greenwood v. Greenblatt,* 173 Ga. 551, 554 (2) (161 SE 135); *Horne v. State,* 93 Ga. App. 345 (1) (91 SE2d 824).

The fact that the assignment of error above quoted merely has the effect of assigning error on so much of the order as sustained the general demurrer to the petition "as amended" does not render the question thereby presented moot where the court had not previously sustained a general demurrer to the petition with leave to amend but had merely sustained certain grounds of special demurrer with leave to amend.

■ Clearly the original petition sought to assert liability against the defendant Couey on the theory that the defendant Stewart was the agent, servant or employee of Couey, and that Couey was liable for his negligence under the doctrine of respondeat superior. No facts were alleged in support of this contention, and the defendant properly sought by special demurrer to require the plaintiff to allege essential facts. On amendment the plaintiff sought to cast the liability on Couey by reason

of his having furnished his automobile to one who he knew had a reputation "for speeding and driving automobiles at an excessive, illegal and dangerous rate of speed." This was an entirely distinct theory and was inconsistent with the theory of the petition as originally drawn. *Samples v. Shaw*, 47 Ga. App. 337 (170 SE 389); *Johnson v. Brant*, 93 Ga. App. 44, 46 (99 SE2d 587); *Young v. Kickliter*, 213 Ga. 42 (96 SE2d 605). Such an amendment ought not to have been allowed, and was properly stricken on motion. *Spikes v. Spikes*, 89 Ga. App. 139, 143 (2) (79 SE2d 21); *Cooper v. Oglethorpe Savings &c. Co.*, 147 Ga. 570 (4) (94 SE 1006).

The amendment having been stricken, and the grounds of special demurrer to the allegations of agency set forth in the original petition having been finally sustained and those allegations stricken, the petition as it stood was insufficient to set forth a cause of action against the defendant Couey on either permissible theory, and the trial court did not err in thereafter entering an order dismissing the case as to such defendant.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*