*Carroll Russell,* contra.

41119.   HARDEMAN et al. v. SOUTHERN HOME
INSURANCE COMPANY et al.

ARGUED JANUARY 5, 1965—DECIDED MAY 4, 1965.

*Emory Kinard, Sams & Sams, Augustine Sams, Marion A. Sams, Edward S. Sams,* for plaintiffs in error.

*Freeman & Hawkins, Joe C. Freeman, Jr., Paul M. Hawkins, Siegel, Lewis & Williams, Alvin N. Siegel,* contra.

FELTON, Chief Judge. ■ A motion to dismiss the writ of error was filed on the ground that Clyde E. Lee and Douglas O. Lee,

defendants below, were neither named nor served as defendants in error.

Regardless of whether or not Clyde Lee was a necessary party to the bill of exceptions, the writ of error can not be dismissed because of the failure of the bill of exceptions to designate him as such, since service of the bill of exceptions was acknowledged by the firm of Siegel, Lewis & Williams, "Attorneys of record for Clyde E. Lee." See *Code Ann.* § 6-1202 (Ga. L. 1880-81, p. 123; 1957, p. 224); *Thornton v. Stewart,* 104 Ga. App. 6, 8 (1) (120 SE2d 899).

The writ of error can not be dismissed for failure to designate Douglas Lee as a party to the bill of exceptions for the reason that he was not a necessary party thereto. Every party to a case in the trial court, who is interested in *sustaining* the judgment complained of, must be made a party defendant in error to the bill of exceptions and be served with a copy thereof. *U. S. Leather Co. v. First National Bank,* 107 Ga. 263 (33 SE 31); *Federal Land Bank of Columbia v. Paschall,* 180 Ga. 224 (1) (178 SE 659). Douglas Lee had an interest in *reversing* the judgment, the practical effect of which judgment was to adjudicate that he was the owner and driver of an uninsured automobile, against whom there remain pending three damage suits in the Superior Court of Clayton County. Our courts have held that, in a suit against several defendants, where the separate demurrer, *Harper v. Gunby,* 215 Ga. 466, 468 (1) (111 SE2d 85), or motion for a new trial, *Mooney v. Shelfer,* 205 Ga. 766 (1) (55 SE2d 212), of one or more defendants is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions assigning as error such rulings. Furthermore, neither Clyde nor Douglas Lee filed any defensive pleadings in the case in the trial court, thereby becoming in default and presumably passing out as formal parties to the case. See *Samples v. Samples,* 194 Ga. 383 (1) (21 SE2d 601). The motion to dismiss the writ of error is denied.

■ The motion to dismiss the action for lack of service on Clyde Lee was properly overruled. *Code Ann.* § 110-1104 provides that declaratory judgment actions shall be served as other cases in the superior courts. *Code Ann.* § 81-202 provides that leaving a copy at defendant's residence, which was the mode

of service employed here, shall be a sufficient service. The fact that Clyde Lee was not served with a subsequent amendment, which set out a portion of the prayer for a declaratory judgment which was inadvertently left out of the original petition, does not require dismissal of the action, since the allegations of the original petition were sufficient to show the nature of the action, which was one for a declaratory judgment and not a special statutory proceeding in personam as contemplated under the provisions of *Code Ann.* § 81-1506 (Ga. L. 1946, pp. 761, 779; 1958, pp. 315, 317), which would require personal service.

■ The petition here shows an actual justiciable controversy with respect to whether or not, under the alleged provisions of the policy, the insurance company is obligated to defend the suits brought against the brother of its named insured and pay off any judgments within the policy limits which might be rendered against him. See *U. S. Cas. Co. v. Georgia &c. R. Co.*, 95 Ga. App. 100, 103 (97 SE2d 185); *Georgia Cas. &c. Co. v. Turner*, 86 Ga. App. 418 (71 SE2d 773); *St. Paul Fire &c. Ins. Co. v. Johnson*, 216 Ga. 437 (117 SE2d 459). The court did not err in overruling the renewed general demurrer to the petition as amended.

■ A special demurrer number 4, which complains that the allegation that Clyde Lee misrepresented to the plaintiff that he owned the automobile was an unsupported conclusion, was properly overruled. It was unnecessary to allege the specific details of the misrepresentation since those were matters of evidence, which were subsequently introduced.

Special demurrer number 5, complaining that the insurance company's filing of defensive pleadings with reservation as to coverage was illegal in that it was an attempt to vary a written contract by parol evidence, was properly overruled. The reservation was not made for the purpose of varying the terms of the policy, but merely to avoid being held to have waived its rights should its nonliability for the defense of the suits be established.

Special demurrer number 7, complaining that the plaintiff's allegation that "if it does proceed with the defense of the cases," etc., fails to show uncertainty as to the future in light of the fact that it had already answered the suits, was properly overruled.

■

As has been indicated, the answers were filed with reservation. Furthermore, the filing of answers would not necessarily be all the defense necessary should the insurance company be held responsible for such defense.

The renewed demurrers to the petition as amended, which complain of the plaintiff's failure to allege a situation of uncertainty, were properly overruled for the reason given in our ruling on the general demurrer in Division 3 hereinabove.

■ The court did not err in overruling the motion for judgment n.o.v. since there was competent evidentiary basis for the jury's verdict. The plaintiff's branch claims manager, Mr. Johnson, testified that he had reserved rights for his company both orally and in writing to both Lee brothers; that in his investigation of the accident he talked to Mr. Robert Carruth, the loan manager of a loan company, who showed him documents indicating that they had loaned Douglas Lee money on this particular automobile and that there had been a sale of the automobile between Clyde and Douglas Lee; that the description of this automobile was typed in the space for "Description of owned automobile(s) or trailer(s)" on the policy issued to Clyde Lee by the plaintiff on May 7, 1962, five days before the collision; that he saw Douglas Lee's signature as the borrower on a bill of sale to secure the debt on a promissory note, describing the automobile in question, which document was filed with the Clerk of Clayton Superior Court on May 9, 1962. The plaintiff's assistant branch manager at the time in question, Mr. Benson, testified that he had been present when Mr. Johnson had personally explained the reservation of rights to Messrs. Lee and that he had personally written them concerning such reservation, having properly addressed, stamped and mailed the letters; that Douglas Lee was under 25 years of age at the time the policy was issued to Clyde Lee and that the premium is higher for insureds under age 25. Counsel for the plaintiff testified in his place that he had obtained return receipts from Messrs. Lee of the written reservation of rights. Mr. Speir, President of Speir Insurance Agency, Inc., testified that Clyde Lee came to his office and wanted his insurance on the automobile in question, which insurance the agency had canceled for nonpayment, re-instated in his name; that at that time Douglas Lee was 22 years old;

that Clyde had told him that he owned the automobile and that the automobile was described in the "owned automobile" blank of the policy. Mr. Carruth testified that, on May 4, 1962, Douglas Lee borrowed money from his company to buy the automobile from Clyde, with the names of Clyde and his wife appearing on the note as endorsers, and, at the same time, he had written a policy with a different insurance company insuring Douglas, showing him to be the owner of the automobile in question; that he loaned the money on the representation that Douglas was the owner of the automobile. A copy of an application for Georgia registration of the automobile was introduced in evidence, showing Clyde's name scratched out and Douglas' name inserted.

The special grounds were likewise properly overruled. The contention that there was no justiciable question of fact under the evidence has been answered in Division 3 hereinabove. The contention that no reservations of rights were filed in the plaintiff's answers in the suits against Douglas is without merit, since the filing of such matters in the pleadings of the cases is not required. The sole issue involved is the defendant's liability to the plaintiffs. The reservation of the insurer's right to insist on its nonliability is a matter between the insurer and its insured. See *Jones v. Georgia Cas. &c. Co.*, 89 Ga. App. 181, 185 (78 SE2d 861).

■ The general grounds of the motion for a new trial were properly overruled for the reasons given in the ruling on the general grounds of the motion for judgment n.o.v. in Division 5 hereinabove.

Special ground 4 of the amended motion for a new trial, contending that the plaintiff was estopped to bring the present action by having filed defenses to the actions in Clayton Superior Court without having filed reservations of rights, has already been answered in Division 5 hereinabove.

Special ground 5 complains of the court's refusal to submit to the jury the following requested issue: "Did Clyde E. Lee at the time the policy was issued have an abiding interest or an insurable interest in the title to the automobile insured by the plaintiff?" This ground was properly overruled, since the contended issue was not raised by the pleadings or the evidence.

The pleadings and the evidence both show uncontrovertedly that Clyde Lee represented himself to be the owner of the automobile in question and that the insurance policy was issued to him based upon that material representation, not upon any understanding that he had merely an insurable interest in the title of the automobile. Therefore, a negative answer to the question actually submitted to the jury, which we have held was authorized by the evidence, would be the equivalent of a finding that the policy was obtained by fraud in making a material misrepresentation and that the insurance company would therefore not be liable thereunder.

Special ground 6 complains of the court's refusal to charge that Clyde Lee had an insurable interest in the automobile if the jury found that he had signed a purchase money note for the automobile. The extent of insurable interest, if any, in the automobile on the part of Clyde Lee, as an endorser on his brother's purchase money note, was limited to the protection of the automobile from hazards which would destroy or diminish its value as security for the note, which hazards could be insured against by obtaining fire, theft, collision, etc., insurance policies on the automobile. On the other hand, the test of insurable interest concerning liability insurance, which is here involved, is liability for others' injuries arising out of the operation of the vehicle, which has no bearing on Clyde Lee's interest as an endorser.

Special ground 7 complains of the court's refusal to give a requested charge to the effect that there was no provision in the policy providing that Clyde Lee shall be the sole owner, nor a statement warranting such to be true. This ground was properly overruled. The automobile was described in the blank for "owned automobiles." The evidence shows that Clyde told the agency that he wanted insurance on "his" automobile. On neither the application sheet, wherein a list of all operators is requested, nor on the cover sheet of the policy itself is the name of Douglas Lee mentioned. The named insured therefore made material representations not only as to ownership, but as to the true insured, the place of garaging and the intended operator.

Special ground 8 is in the form of a general demurrer and, the general demurrer having previously been ruled on, the ground was properly overruled.

Special ground 9 complains of the court's refusal to submit to the jury questions as issues concerning the named insured's insurable interest in the title of the automobile and the plaintiff's estoppel by filing answers without reservation of rights. Both of these contentions have been dealt with hereinabove. This ground is without merit.

Special ground 10 complains that the submission of the issue to the jury as to the named insured's title was error since this issue was such as could be raised in an equitable action to cancel, modify or declare void the policy, with personal service, rather than summary process of a declaratory judgment. As held hereinabove, the action was not brought primarily to void the policy, but to determine the company's liability to defend the suits, and the determination of title to the automobile was necessarily involved as the issue. This ground is without merit.

Special ground 11 complains of the court's charge which limited the jury issue to the validity of the policy, rather than its coverage. The complained of charge was correct, since, although the question of coverage was contended to be an issue by the defendants, the pleadings and evidence raised only the issue of the policy's validity, as affected by the named insured's representation. This ground is without merit.

Special ground 12 complains that the charge that the issue to be determined was the validity of the policy as affected by the alleged misrepresentation was error since there was evidence that the plaintiff insurer knew of the outstanding purchase money note signed by Clyde Lee. This ground is without merit. As was held in our ruling on special ground 6, hereinabove, any insurable interest Clyde may have acquired by his endorsement of the note did not include insurable interest for the type of policy here involved, namely, liability insurance.

Special ground 13 assigns error on the court's ruling admitting evidence of the plaintiff's oral reservations of rights, on the grounds that the original written letter would be the highest and best evidence of notice, that written notice is required to change a written policy of insurance, and that such ruling amounted to an opinion that the oral reservations were legally sufficient. Regardless of the legal sufficiency or insufficiency of oral reservations, the admission of evidence thereof was harm-

less, if error, since copies of the written notices of reservation were introduced in evidence. This ground is therefore without merit.

Special ground 14 assigns error on the admission over objection of the copies of the letters of reservation of rights, on the grounds that they were not authenticated nor shown to have been mailed to the addressees with correct postage even if the addresses were correct. The plaintiff's former employee, Mr. Benson, testified that he had written and signed the letters and that it was their normal custom and practice to correctly stamp mail. He also testified that they were properly stamped, addressed and mailed. This was sufficient authentication and raised a presumption that the letters were received. Furthermore, as pointed out in Division 5 hereinabove, counsel for the plaintiff testified in his place that he had obtained return receipts from Messrs. Lee of the written notices. This ground is therefore without merit.

Special ground 15 assigns error on the court's submission to the jury of the issue of the named insured's title to the automobile at the time of the issuance of the policy, whereas the issue of the plaintiff's liability under the policy was stipulated to be an issue by the pre-trial order. The court was not bound by a pre-trial order which sets forth the contended issues of the parties; rather it must ascertain the issues actually made by the pleadings and the evidence, which it did. This ground is without merit.

The court did not err in any of its rulings assigned as error.
*Judgment affirmed. Jordan and Russell, JJ., concur.*